## FLORIDA CENTRAL & PENINSULAR RAIL-ROAD COMPANY *v.* CAIN.

The verdict is supported by the evidence and is not contrary to law.

Argued February 17,—Decided March 8, 1897.

Action for damages. Before Judge Falligant. McIntosh superior court. May term, 1896.

*Denmark, Adams & Freeman,* for plaintiff in error.
*Lester & Ravenel,* contra.

SIMMONS, Chief Justice.

Cain sued the railroad company for damages from a personal injury which he sustained on account, as he alleges, of the negligence of the servants of the company. On the trial the jury rendered a verdict in his favor, but on motion of the company a new trial was granted. The second verdict was also in Cain's favor, and the company moved for a new trial upon the general grounds and on account of the refusal of the trial judge to give in charge certain requests to charge. The motion was overruled, and the company excepted. In the argument here, counsel for the company did not insist upon a reversal upon any errors of law alleged to have been committed, but stated in his argument: "A new trial is not desired except upon a ground that will control a verdict for the plaintiff in error."

After a careful review of the whole evidence as contained in the record, we have come to the conclusion that it authorized a verdict in favor of the plaintiff in the court below. It seems that Johnson & Co., contractors, made a contract with the railroad company to furnish materials to be used in the construction of a certain part of their road-bed, and to haul large quantities of gravel for this purpose to a certain point on this portion of the road-bed. Cain, the defendant in error here, was employed by Johnson & Co. to superin-

tend the hauling of this gravel, the company furnishing the cars, engine and conductor.   After a long train of cars had been filled with gravel, Cain, with other employees of Johnson & Co., got upon the cars.   As the engineer started the train, one of the cars loaded with gravel "jumped the track," the train was stopped and the conductor came back to the derailed car to ascertain the cause of the derailment.   Cain also alighted from the train to show the conductor the car which had been derailed.   After looking at it, the conductor announced that he would "cut loose" the train from that car and proceed without it.   According to Cain's testimony, he then requested the conductor to give him time to get upon the train before he started it, and the conductor promised to do so.   Cain proceeded to get upon one of the cars by hoisting himself on the bumpers between two cars.   Before he had time to get off the bumpers and upon the car, the conductor signalled the engineer to start.   The train moved and catching Cain's foot between the bumpers crushed it.   The conductor denied having made the promise to Cain, and asserted that Cain had plenty of time within which to get upon the car and was negligent in the way in which he attempted to get on.   Other evidence was introduced by both sides.

The jury believed Cain's statement instead of the conductor's, and rendered their verdict accordingly.   It is their province to pass upon the credibility of witnesses.

If the conductor promised Cain to give him time to get upon the train, it was his duty to see Cain safely upon the car, or at least to wait a reasonable time, before giving the signal to move the train.   According to the verdict of the jury, the conductor failed in this duty and by reason of his negligence Cain was injured, and this we think sufficient to authorize a recovery against the company by Cain.   This being the second verdict in Cain's favor, the trial judge being satisfied therewith, and there being evidence to au-

thorize it, we will not control his discretion in refusing to grant a new trial.

*Judgment affirmed. All the Justices concurring.*