### 2241.  JOHNSON v. FULTON BAG & COTTON MILLS.

There was no error in sustaining the general demurrer and dismissing the petition.  According to the allegations of the petition, the plaintiff was fully aware of the defects in the elevator, if any existed.  Apparently there rested upon him no duty to inspect the ropes, nor was any reason disclosed why any one should inspect them, inasmuch as the petition alleged that it was the motor that was out of order.  Furthermore, reasonably construing the petition, the plaintiff's injury, if not due to his own fault, was caused by the negligence of a fellow servant, for which the master was not liable.

Action for damages; from city court of Atlanta—Judge Reid.  October 4, 1909.

Submitted December 21, 1909.—Decided April 6, 1910.

*Westmoreland Brothers, J. C. Clarke,* for plaintiff.

*Slaton & Phillips,* for defendant.

RUSSELL, J.  The petitioner sought to recover damages as compensation for injuries which he received in an elevator of the defendant company.  He alleged, in his petition, that he was employed to run an elevator at the factory of the defendant, and had complete control of the movements of the elevator; that on March 10 the motor that ran the elevator got out of order and the elevator failed to work, whereupon he left the elevator at the top floor

of the building and quit his work an hour earlier than usual; that the next morning he returned to work before the usual time, and started, at the first floor, to inspect the ropes of the elevator, on his way up to the fourth floor, where he had left it the previous afternoon and where he supposed it still was. It appears, from the petition, that the elevator shaft is enclosed by boxing, with an entrance door on each floor, and each floor has a door covering the shaft; and the flooring over the elevator shaft, where the elevator passes up and down, opens and shuts automatically when the elevator approaches it, and closes when it is passed. The petitioner alleged that while he was examining the ropes, to find out what was the matter with the elevator, and while standing on the covering, constituting two parts, that covered the elevator shaft, the elevator came up under him suddenly, and he was thrown up and his right foot was caught by the board and the side-door of the elevator, and mashed and crushed, breaking the bones of his right foot; that he had no warning that the elevator had been brought down from the fourth floor by any one, and could not have known, by the exercise of ordinary care, that it was not where he had left it, as the boxing around the elevator shaft wholly excluded it from view, and as it was always left at the second floor, and never in the basement. It was further alleged, that the elevator was out of repair at the time of the accident, in that the belt on the pulley was only about one third off the wheel, which caused the elevator to start up when the power was applied, when it should not have started until the belt was thrown on by the operator; that the plaintiff did not know of this fact, and could not have known by the exercise of ordinary care, but that the defendant knew it, and also knew that it was dangerous, and failed to warn the plaintiff of the danger. The specific allegations of negligence are that the defendant was negligent in moving the elevator from the fourth floor to the basement without notifying the plaintiff, negligent in not keeping the elevator in repair so that it could be safely used by him, and negligent in not keeping the belt off the pulley wheel, so that the elevator would not move by itself without the aid of the person operating it.

The defendant filed a general demurrer and special demurrers. The trial judge did not pass upon any of the special demurrers, but sustained the general demurrer and dismissed the petition; and

36

exception is taken to this judgment. We think the judge ruled correctly. In view of the fact that the plaintiff, of his own motion, abandoned his post of duty an hour before quitting time, and did not notify any one that the motor was out of order and that the elevator would not work, it appeared not only that he was fully cognizant of the defect in the elevator, but also that it was not possible for the defendant to give him any notice in relation to the condition of the elevator. When the plaintiff, without notifying any one that he was going to "knock off," left the elevator on the fourth floor of the building, he might reasonably have apprehended that it was probable that a necessity would arise for the elevator to be used after his departure and during the hours of work. But aside from this, if the motor was out of order, as stated in the petition, there was no reason why the plaintiff should be inspecting the ropes; and no statement in the petition shows that it was his duty either to inspect the ropes or to repair the motor; and furthermore, under any reasonable construction of the petition, the plaintiff's injury, if not attributable to his own fault, was the result of negligence on the part of a fellow servant, for which the master was not responsible.                    *Judgment affirmed.*