HENDRIX *v.* VALE ROYAL MANUFACTURING COMPANY.

FISH, C. J. 1. In an action by a servant against a master for alleged failure of duty on the part of the latter in not giving to the servant warning of a danger incident to his employment, it must appear that the master knew or ought to have known of the danger, and that the servant injured did not know and had not equal means with the master of knowing such fact, and by the exercise of ordinary care could not have known it. If the danger be obvious and as easily known to the servant as to the master, the latter will not be liable for failing to give warning of it. Civil Code, §§ 2611, 2612; *Commercial Guano Co.* v. *Neather*, 114 *Ga.* 416 (40 S. E. 299); *Crown Cotton Mills* v. *McNally*, 123 *Ga.* 35 (51 S. E. 13), and cases cited. As the purpose of instruc-

tions by a master to an inexperienced servant is to enable the servant to avoid dangers incident to his employment, if the servant knows of such dangers instructions are unnecessary. *Crown Cotton Mills* v. *McNally*, 127 *Ga.* 404 (56 S. E. 452). In the absence of anything to the contrary, every adult is presumed to possess such ordinary intelligence, judgment, and discretion as will enable him to appreciate obvious danger. Therefore an adult servant of ordinary intelligence will be held to be affected with knowledge of a manifest risk or danger incident to the doing of a particular thing in the operation of a machine, during his employment, although he may be inexperienced as to such operation and though the master may have failed to instruct him in respect thereto. 1 Labatt, Master and Servant, § 394, and cases cited.

2. Applying these principles to the allegations of the petition in the present case, no cause of action was set forth, and the court properly sustained a general demurrer to the petition.

*Judgment affirmed. All the Justices concur.*

JUNE 30, 1910.

Action for damages. Before Judge Charlton. Chatham superior court. January 23, 1909.

The substance of the petition, now material, was as follows: The plaintiff, 27 years of age, without experience in the operation of saws, was employed by defendant to operate a "bolting" saw in a shingle-mill, and was instructed by defendant in its use. He continually operated the "bolting" saw for two weeks, when he was directed by defendant to operate a "shingle" saw. Being unfamiliar with the operation of a "shingle" saw, he so informed the defendant and asked to be instructed as to its operation. Defendant replied that instructions were not necessary, and directed the plaintiff to proceed to use the saw. He therefore began the operation of the "shingle" saw, "and, while making the first attempt to remove waste product remaining from the making of shingles, had his left hand caught by the machinery of the shingle saw," and three of his fingers thereby cut off. It was alleged that a "bolting" saw is operated by hand, its purpose being to cut blocks of timber into suitable widths for shingles, while the "shingle" saw "is run by machinery, works very rapidly, and is dangerous to one not accustomed to its operation, its purpose being to split into shingles the blocks as they are delivered from the bolting saw," and therefore that the plaintiff's experience in the operation of the "bolting" saw could not aid him in the operation of the "shingle" saw. "The saw of the shingle is stationary, working in a horizontal plane." It "is fed from a carriage or superstructure, upon which

is placed the shingle block. The carriage, working in a plane parallel with the saw, brings the block to the edge of the saw and at the height necessary to insure the proper thickness of the shingle, dropping the shingle into a chute, returns, and again brings the remaining portion of the block to the edge of the saw, cutting off another shingle. The carriage works from left to right; operator, facing the saw, adjusts the block upon the carriage and removes the waste or portion of the block from which no shingle could be cut. The carriage moves rapidly; and it is impossible for one not accustomed to judging such matters to determine from inspection the speed at which the carriage is moving, the carriage moving more rapidly than it appears." "Said shingle saw was dangerous in its operation to one without experience, and the danger was not apparent, and the petitioner did not know of the danger and could not have known in the exercise of ordinary care; it being necessary, to operate said saw safely, to understand and appreciate that the carriage moved more rapidly than was apparent, which knowledge could only have been obtained from experience or proper training, and further that the proper time for the operator to move the waste product was when the carriage was moving from right to left, and not, as did your petitioner attempt to move the same, while the carriage was moving from left to right. . . This difference was not apparent to an inexperienced man, and could not have been known in the exercise of ordinary care. . . These dangers were known to the company, as was . . petitioner's inexperience and unfamiliarity with the use of the machine. . . It was the duty of the company to have instructed . . petitioner in the operation of the saw, and to have warned him of the dangers incident to such operation."

*Cann, Barrow & McIntire,* for plaintiff.

*Garrard & Meldrim,* for defendant.