8828. WALTON *v.* LAWRENCEVILLE OIL MILL.

WADE, C. J. 1. A servant can not recover from his master damages for an injury caused by a defect in machinery supplied him, or its antiquity of structure, where it appears that the servant had means of knowledge equal to or better than those of the master as to such defects or antiquity, and, despite such knowledge, continued to work with the defective or antiquated machinery.

(a) In this case, according to his own testimony, the servant was superintendent of an oil mill, and upon him rested the duty, in behalf of the defendant company, of inspecting and repairing its machinery, and he thus enjoyed better means than the master of discovering that the valve which caused the injury to him was antiquated or defective, especially since it was a part of his daily duty to use this particular valve, and the master's knowledge of its condition directly depended upon the thoroughness with which he discharged his duty to inspect

and repair, and the promptness and accuracy of his reports relating to the machinery.

(b) The knowledge of the servant that an inspection of the boiler had been recently made by another person, acting without any authority from the defendant but solely in behalf of a company that had insured the boiler against explosion, did not justify him, in the exercise of ordinary care for his own safety, in relying upon such an inspection, or relieve him of the legal consequences of his negligence in failing to discover the defects in the valve (connected with the boiler) which caused the injury.

2. The evidence did not authorize the verdict in favor of the plaintiff, and the trial judge did not err in granting a new trial upon that ground.                Judgment affirmed.    George and Luke, JJ., concur.

                        DECIDED SEPTEMBER 13, 1917.

Action for damages; from Gwinnett superior court—Judge Hardeman.    March 17, 1917.

O. A. Nix, Evans & Evans, for plaintiff.

Smith, Hammond & Smith, for defendant.