### 9256. INTERNATIONAL COTTON MILLS *v.* CARROLL.

WADE, C. J. 1. Under the allegations of her petition, when the plaintiff, 15 years of age, was wiping off a spinning-frame, in the discharge of her duties as an employee of the defendant, her hand was caught in one of the gears at the end of the frame, and the first joint of the little finger on her right hand was mashed off. The gear which inflicted the injury was partly covered, and thus protected, but an open and unguarded part of it was left on the opposite side of the frame from the plaintiff, and this defect was unknown to her and could not have been known by the exercise of ordinary care, and she believed that the guard provided was sufficient to protect the entire gear, and did not discover the contrary until the injury was inflicted. Negligence was charged, in that the master failed to provide safe machinery, and did not inspect and discover the hidden danger and warn the servant thereof.

(*a*) Upon the master rested the duty of furnishing reasonably safe machinery, and of inspecting to find latent defects and dangers therein, and the servant was not bound by law to detect latent defects, or such as would be disclosed only by a positive and careful investigation and would not be manifest to a person of ordinary intelligence or experience in the line of work in which the servant was engaged. *Duke* v. *Bibb Manufacturing Co.,* 120 *Ga.* 1074 (48 S. E. 408).

(*b*) "A servant assumes the obvious risks of the business about which he is engaged, but this does not ordinarily impose upon him the burden of ascertaining by positive investigation if the place where he is directed to work is safe, or make him responsible for what such an investigation might reveal, but generally he assumes such risks only as would be obvious to a person of ordinary intelligence and familiar with the business. In the absence of anything to suggest that the place where he is working is dangerous, he has the right to rely upon the performance by the master of the duty to furnish a reasonably safe place and to properly inspect it and preserve such safety." *City of Atlanta* v. *Trussell,* 21 *Ga. App.* 340 (3) (94 S. E. 649).

(*c*) Questions of diligence and negligence being peculiarly for a jury, the court should decline to determine them on demurrer, except where the proper solution is evident and unmistakable.

2. The petition as amended set forth a cause of action good as against a general demurrer, and the court did not err in so ruling.

*Judgment affirmed. Jenkins and Luke, JJ., concur.*

DECIDED MARCH 13, 1918.

Action for damages; from city court of LaGrange—Judge Harwell. September 28, 1917.

*A. H. Davis,* for plaintiff in error. *Hatton Lovejoy,* contra.