## 14577.  GRINDLE *v.* HITCHCOCK.

No negligence or breach of legal duty on the part of the employer is shown
by the allegations of the petition as to the injury to the plaintiff,
whose right hand, it is alleged, was sawed off when a shovel with
which he was removing sawdust from a pit under the saw of the de-
fendant's sawmill struck a hidden piece of bark which forced the shovel
upward and against the saw.  It is clear from the petition that the
injury was due to the plaintiff's failure to exercise ordinary care in
working around an obviously dangerous agency, the risk of which was
assumed by reason of his employment.

DECIDED JULY 10, 1923.

Certiorari; from Bartow superior court — Judge Tarver.
March 28, 1923.

For damages because his right arm was sawed off at the wrist
when he was removing sawdust from under the saw in the de-
fendant's sawmill, Grindle sued in the city court of Cartersville.
The defendant demurred generally and specially, and in his de-
murrer contended that no cause of action was stated, that the
petition showed affirmatively that the injury was the result of an
assumed risk of employment, and that the plaintiff had equal
means of knowing, or in the exercise of ordinary care for his own
safety could have known, of the defects and dangers complained
of.  The demurrer was sustained and the petition as amended
was dismissed.  The case went to the superior court on certiorari,
the certiorari was overruled, and to this judgment the plaintiff
excepted.

The petition as amended alleges, in brief, that the defendant
was engaged in farming and in operating a sawmill, and that
the plaintiff contracted with him to cultivate a crop for him and
to work for him as a farm laborer; that it was agreed that he
was not to work at the sawmill, and he stated to the defendant
that he had never done any sawmill work, but a rain temporarily
stopped the work in which he was engaged and the defendant
insisted that he remove the sawdust which had accumulated in
the pit under the saw of the sawmill; that in order to remove the
sawdust as ordered by the defendant and as was proper and usual,
the plaintiff had to get down in the pit on the left side, and he
did so; that the carriage which carried the logs ran over that
side, and in removing the sawdust he was compelled to stoop
down and reach under the carriage in order to get the sawdust in

a shovel or scoop; that in using the shovel his right hand held a handhold in the end of a handle three feet long, while his left hand was used in holding the handle between the shovel portion and his right hand, the left hand sliding up and down on the handle and the handle sliding through that hand, this being the proper manner of shoveling the sawdust out of the pit; and that while thus removing the sawdust he struck with the point of the shovel a large piece of hard oak bark buried and hidden from view in the sawdust, which forced upward the end of the handle of the shovel, where he was holding it with his right hand, and forced it directly under the saw, which was rapidly revolving and which struck that hand and sawed off his arm. It is alleged that the plaintiff did not know that there was bark or any other substance in the pit than sawdust, through which the shovel could be easily pushed; that the bark greatly increased the hazard and risk in shoveling the sawdust; that the defendant had been sawing oak logs in the morning before the plaintiff was injured, and in sawing the logs pieces of bark were knocked off them and into the sawdust pit; that the defendant knew this or could have known it by the use of ordinary care, and the plaintiff did not know it and could not have known it by the use of ordinary care, because the bark was hidden from view and was on the opposite side of the pit from him; that there was no guard or rail around the saw to prevent his arm from striking the saw when the shovel struck the bark, and that the defendant did not warn him of any risk or of the increased risk because of the hidden bark. It is alleged that the defendant was negligent (a) in allowing the piece of bark to be thrown or knocked into the sawdust pit; (b) in not warning the plaintiff that the bark was in the sawdust; (c) in not warning him of the increased risk and danger caused by the hidden bark; (d) in not furnishing to him a reasonably safe place to work; and (e) in not placing a guard rail or other protection around the saw to prevent such an injury as the one complained of.

J. R. Whitaker, Paul F. Akin, for plaintiff, cited: Civil Code (1910), § 3130; 2 Ga. App. 308, 309(d), 315; 1 Ga. App. 259, 260(8); 24 Ga. App. 390(3); 25 Ga. App. 110; 22 Ga. App. 155-6; 1 Ga. App. 303; 5 Ga. App. 142; Id. 223; 129 Ga. 688-9; 92 Ga. 95; citations of defendant distinguished.

*Maddox, Lipscomb & Matthews,* for defendant, cited cases cited in the following decision, and many others.

LUKE, J. The demurrers to the petition were properly sustained by the judge of the city court of Cartersville, and it was therefore not erroneous for the judge of the superior court to overrule and deny the certiorari. From the allegations of the petition the only conclusion that it is possible to reach is that the plaintiff's injury was not caused by any negligence upon the part of the defendant. It is clear from the petition that the injury was due to the plaintiff's failure to exercise ordinary care in working around an obviously dangerous agency, the risk of which was assumed by reason of his employment. The plaintiff's allegations show no legal negligence on the part of the defendant, or breach of any legal duty upon the part of the defendant to the plaintiff, his servant. See *International Cotton Mills* v. *Carroll, 22 Ga. App.* 26 (95 S. E. 472); *Howard* v. *Central of Ga. Ry. Co.,* 138 *Ga.* 537 (75 S. E. 624); *Walton* v. *Lawrenceville Oil Mill,* 20 *Ga. App.* 819; *Johnson* v. *Fulton Cotton Mills,* 7 *Ga. App.* 560 (67 S. E. 689); *Crown Cotton Mills* v. *McNally,* 123 *Ga.* 35 (51 S. E. 13); *Roland* v. *Tift,* 131 *Ga.* 683 (63 S. E. 133, 20 L. R. A. (N. S.) 354).

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*