### 17231.  BUGG, receiver, *v.* HARPER.

The excess in the amount of the original verdict for damages in this case did not necessarily indicate that it was induced by bias or prejudice; and it appearing that the plaintiff voluntarily wrote off enough of the amount to bring it within the measure of damages proved, the court did not err in refusing to grant a new trial because of the excessive verdict.

DECIDED OCTOBER 5, 1926.

Damages; from city court of Atlanta—Judge Reid.  January 30, 1926.

*Colquitt, Conyers & Smith,* for plaintiff in error.

*T. J. Lewis, T. L. Slappey,* contra.

JENKINS, P. J.  "The mere voluntary writing off of a part of the verdict by the plaintiff is not in itself a ground for reversal,

New Trial, 29 Cyc. p. 1022, n. 30.

where it does not appear that this was done on the suggestion of the presiding judge, or that his refusal of a new trial was influenced by the reduction of the verdict; nor can a new trial be granted on account of the size of the original verdict, unless the amount as found by the jury is so excessive as to lead the court to suspect bias or prejudice on their part." *Atlanta Gas Light Co.* v. *Sams,* 29 *Ga. App.* 446 (4) (116 S. E. 21). "If bias or prejudice on the part of the jury infected their finding, decreasing the amount would not wholly eradicate the infection. The same bias or prejudice which prompted the finding of an excessive verdict may have had its effect in producing the finding in favor of the plaintiff at all." *S. A. L. Ry. Co.* v. *Bishop,* 132 *Ga.* 71, 76 (63 S. E. 1103). Thus, where the amount of the original verdict can not be justified by the evidence adduced, but where it is not so grossly excessive as to indicate on its face that it must have been induced by bias or prejudice, there is "no objection to allowing a plaintiff to write off from her recovery voluntarily any sum whatever. If by so doing any excess of damages found by the verdict is voluntarily relinquished, it would seem that the amount of the verdict would no longer be a cause for a new trial. Why should there be a new trial solely for the purpose of reducing damages, when the plaintiff had voluntarily relinquished all that could be treated as excess?" *Augusta Ry. Co.* v. *Glover,* 92 *Ga.* 132, 148 (15) (18 S. E. 406). In the instant case it can not be said that the size of the original verdict necessarily indicates that it was induced by bias or prejudice; and since in the instant case, just as in the case of *Central Railroad* v. *Crosby,* 74 *Ga.* 737 (58 Am. Rep. 463), there was a "fixed criterion for estimating damages," and since it appears that the plaintiff voluntarily wrote off from the verdict enough of its amount to bring it within the measure of damages proved, the case is brought squarely within the ruling made by the Supreme Court in *Augusta Ry. Co.* v. *Glover,* supra.

*Judgment affirmed. Stephens, J., concurs, Bell, J., disqualified.*