280

18445, 18446. ATLANTA TERMINAL COMPANY *et al. v.* ALEXANDER (two cases).

JENKINS, P. J. 1. Where a suit is against two or more parties and a demurrer is interposed upon the ground of a misjoinder of parties defendant, the plaintiff, upon being required to elect as to which of the defendants he will proceed against, can not make such election and at the same time except to the ruling requiring him so to do. *Lavenden v. Haseman*, 157 *Ga.* 275, 278 (121 S. E. 646); *Smith* v. *Bugg*, 35 *Ga. App.* 317 (133 S. E. 49). On the other hand, a mere ineffectual effort on the part of the plaintiff to reserve by his amendment the right to except to the ruling requiring the election can not be said to be harmful to the defendant against whom he elects to proceed.

2. The failure of the court to send out with the jury the plaintiff's amendment striking one of the defendants as a party could not be said to be such harmful error as to require a new trial, where it appears that the effect and purport of the amendment was merely to strike that defendant and all allegations as to its negligence, and where it appears that the court clearly instructed the jury, both upon entering the trial and in his charge, that the defendant thus stricken had been eliminated as a party, and that the jury were not to consider anything appearing in the pleadings with reference to that defendant, its agents or employees.

3. One who obtains a railroad-ticket and presents himself at the usual point of departure of trains is a passenger. He is entitled to have the railroad company exercise extraordinary care for his safety, and to exercise ordinary diligence in matters involving merely his convenience or accommodation. *Central Railroad &c. Co.* v. *Perry*, 58 *Ga.* 461 (2). Thus, a railroad company is required to exercise ordinary care in providing convenient facilities in order that its passengers may reach and board the trains for which they purchase tickets. However, where a railroad company actually undertakes, through its agents or employees, to escort a passenger to a train, the absolute duty rests upon the company to conduct the passenger to the designated train, and if the passenger is induced to take a wrong train through misdirection of the carrier's agent, the carrier is liable for the resulting damage, and this rule applies whether or not the agent's act was negligent, inadvertent, wilful, or malicious. 10 C. J. 801, § 1231.

4. Under the foregoing rulings with respect to the absolute duty of a railroad company to perform its function correctly whenever it actually assumes to escort a passenger to a designated train, the charge of the court complained of, relative to the extraordinary degree of care required of the defendant in such a contingency, could not have been harmfully erroneous. It was not only the duty of the defendant to exercise reasonable diligence in affording the plaintiff passenger opportunity and facilities for ascertaining the train upon which she desired to take passage, but when, through its agents, the defendant actually undertook to escort her to a designated train, it thereupon devolved upon the defendant to perform correctly the task thus assumed.

5. The evidence authorized a finding in favor of each plaintiff; and in view of the proof as to the long duration and present existence of the passenger plaintiff's disabilities, it can not be said as a matter of law that the verdicts were so excessive as necessarily to indicate prejudice or bias on the part of the jury. *Bugg* v. *Harper*, 36 *Ga. App.* 39 (135 S. E. 109) ; *Realty Bond & Mortgage Co.* v. *Harley*, 19 *Ga. App.* 186 (2), 187 (91 S. E. 254).

*Judgment affirmed.* *Stephens and Bell, JJ., concur.*

Decided June 15, 1928.

*Dorsey, Howell & Heyman, McDaniel & Neely,* for plaintiff in error.

*F. L. Adams, Hooper & Hooper, Harwell, Fairman & Barrett,* contra.