24806. BATES *v.* SOUTHERN RAILWAY CO *et al.*

DECIDED FEBRUARY 7, 1936.

*Ben C. Williford,* for plaintiff.
*Neely, Marshall & Greene, W. Neal Baird,* for defendant.

MacIntyre, J.   The theory of this petition is that the Southern Railway Company, as principal, through Waits, as agent, directed Sturdivant, chief of police, to shoot the petitioner, causing permanent injuries.   The petition does not allege by direct statement that the railway company, by its agent, directed the chief of police to shoot the plaintiff, but undertakes to allege facts to show that such an agency existed as would make the alleged principal responsible for the acts of Sturdivant.   In order to recover under this form of petition, the plaintiff must allege facts which would disclose that Waits, the employee in charge of the train, was acting within the scope of his employment in ordering Sturdivant then and there to shoot the plaintiff.   "The demurrer admits only the facts pleaded, not the legal conclusions drawn by the pleader.   The principal, or master, is responsible for the negligence of the agent or servant only as to acts done within the scope of the agency or service."   *Lewis* v. *Amorous*, supra.   In an action seeking to charge one for the acts of another on the theory that the one was the agent of the other, it is necessary that the petition disclose, either expressly or by necessary implication, not only the existence of the agency, but also the connection of the act with the employment.   Merely alleging that about fifty persons who worked at a cotton mill gathered along an intersection of a side track and a public street and refused to disperse at the command of Waits who was an agent of the Southern Railroad Company for the handling of cars, and that Sturdivant, the chief of police who was personally present, shot the petitioner after being directed so to do by Waits, the person in charge of the train, the shooting being done "with a large and heavy gun loaded with some form of heavy substance" while the petitioner "was walking from town out Circle Street and across said public crossing at the time," does not show a connection between the act of shooting and the employment of Waits.   To illustrate: suppose an automobile on a public road was racing with a railroad train on a parallel railroad and the conductor should direct a passenger to shoot the driver of the automobile, which the passenger did, the railroad would not be liable.   There would be no connection between the act and the employment of the conductor.   We are of the opinion

that the judge did not err in dismissing the case as to the railway company.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*