28380. CORNETT, next friend, *v.* GEORGIA PUBLIC UTILITIES CO.

DECIDED OCTOBER 5, 1940.

*Joseph E. Webb, P. J. Smith,* for plaintiff.
*Irwin & Nix,* for defendant.

SUTTON, J. W. G. Cornett Jr., as next friend of Mrs. Mary Helen Cornett, a minor, sued the Georgia Public Utilities Company for damages, and alleged in substance that on or about October 31, 1938, the defendant contracted to supply gas for heating and other purposes to a residence occupied by Mrs. Mary Helen Cornett in Athens, Georgia, and contracted to furnish and did furnish all necessary pipes, vents, appliances, etc., necessary to pipe the gas into the dwelling and bathroom thereof; that the defendant on said date turned the gas into the then existing pipes and appliances in

the house and made gas available for use therein, and at that time inspected or pretended to inspect the pipes, vents, and appliances to be used, leading to and into the dwelling and bathroom; that there was an instantaneous gas water-heater in the bathroom, to be used in heating water, which had been in use for several years by former occupants of the premises, and was in good condition and safe for the use intended, so far as Mrs. Cornett knew or was able to ascertain; certain pipes and vents were connected with the gas water-heater, the use of which Mrs. Cornett knew nothing, but she relied on the defendant as to the safety and good condition of said pipes, vents, and devices connected to the water-heater; that on March 21, 1939, Mrs. Cornett used the gas water-heater in heating water to take a bath, and while bathing she was overcome and rendered unconscious for several hours, as a result of inhaling carbon monoxide and kindred gases which had escaped from the gas water-heater into the atmosphere of the bathroom and this was due to the negligence of the defendant in not providing proper vent pipes and vents for the escape of the carbon monoxide and other gases to the outside of the dwelling; that the vent pipes and vents in use at that time, and in use when the defendant turned the gas on in the house, were rusty, filled with leaves, debris, and decay, and were unfit for use, but this was unknown to Mrs. Cornett, as she relied on the defendant to provide safe and fit vent pipes and vents leading to and from the gas water-heater; that the defendant was negligent (1) in failing to properly inspect and examine the then existing pipes, vents, and other appliances used in piping the gas into the premises and bathroom; (2) in not regularly inspecting and repairing all such pipes, vents, and appliances; (3) in not furnishing safe and sound pipes, vents, and appliances for the reasonable control of its gas product, so as to prevent the escape and leakage of carbon monoxide and kindred gases into the dwelling served; and that she sustained certain personal injuries on account of the alleged negligence of the defendant. There was a general demurrer on the ground that the petition failed to set out a cause of action. Paragraphs 6, 10, 13, 14, and 16 of the petition were demurred to specially on the ground that there was no duty resting on the defendant, under the law or otherwise, to inspect the instantaneous gas water-heater in the bathroom of the apartment occupied by the plaintiff or the pipes and vents leading to or from

said gas water-heater, the defendant having no control thereof. The grounds of demurrer were sustained, and the action was dismissed. The exception is to that judgment.

It is alleged in the petition that on or about October 31, 1938, the defendant contracted to furnish gas for heating and other purposes to the residence occupied by Mrs. Cornett in Athens, Georgia, and on that date turned gas into the then existing pipes and appliances in her dwelling and bathroom and made gas available for use therein, it being alleged that the defendant inspected or pretended to inspect the pipes, vents, and appliances at that time. The instantaneous gas water-heater in the bathroom, used for heating water, had been in use for several years by former occupants of the premises, and was in good condition and safe for the use intended, so far as Mrs. Cornett was able to ascertain. It is not alleged that the defendant installed the gas water-heater or had any control thereof, but it does appear that it had been in use for several years before the plaintiff moved into the house, and that it was continued in use by her for about five months before it is alleged that she was injured by escaping gas from the heater on March 21, 1939. It is alleged that gas escaped from the gas water-heater into the bathroom on account of the negligence of the defendant in failing to provide proper vent pipes and vents for the escape of carbon monoxide and other gases to the outside of the building; and that the vent pipes and vents in use at the time of the alleged injury, and in use when the defendant turned the gas on in the premises, were filled with leaves, debris, and decay, and were unfit for use. Construing the petition, on demurrer, most strongly against the pleader, it shows that the gas water-heater and the pipes and vents connected therewith were not installed by the defendant, but had been installed by the owner of the building, or some former occupant thereof, long before Mrs. Cornett moved into the premises; that the heater and equipment had been used for several years by former occupants before Mrs. Cornett moved in; that it appeared to be in good condition at that time, and was continued in use by her without giving any trouble whatever for about five months before the incident complained of occurred. Under the allegations there was no duty on the defendant to inspect the gas water-heater and pipes and vents connected therewith, as they were owned and controlled by the owner of the building or the occupant thereof, and not by the defendant.

308

■ The quotation in headnote 1 is from *Metz* v. *Georgia Public Utilities Corporation,* 52 *Ga. App.* 771 (184 S. E. 629). See *Maynard* v. *Atlanta Gas Light Co.,* 24 *Ga. App.* 5 (99 S. E. 472). There is no allegation that the defendant had any actual knowledge of any defect in the gas water-heater or the connections thereto, and the principle of law enunciated in the cases above referred to is applicable to the allegations of the petition in the present case. The case of *Powers* v. *Atlanta Gas Light Co.,* 48 *Ga. App.* 47 (172 S. E. 84), cited for the plaintiff, is distinguishable. In that case the plaintiff alleged that the defendant was negligent in placing the valves in the gas meter in a defective and improper manner, as there alleged; and the court held that the allegation was sufficient to withstand a general demurrer on the ground that the petition failed to set out a cause of action.

The petition failed to set out a cause of action, and the court did not err in dismissing it on the general demurrer.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*