## 30201.   HORNE *v.* NEILL.

DECIDED FEBRUARY 15, 1944.

*Bussey, Fulcher & Hardin, Isaac S. Peebles Jr.,* for plaintiff in error. *Curry & Curry,* contra.

GARDNER, J. ■ In our view the case turns upon the errors assigned in the seventh ground of the motion for new trial. Some of the assignments of error in the other grounds overlap the assignment in this ground. In this ground it is contended that the defendant's first amendment to her answer set up an affirmative defense. It is our opinion that this amendment, which is set out in the foregoing statement of facts, amounted to an affirmative plea of contributory negligence, and became an issue in the case, concerning which the trial judge was required to charge the jury the applicable law as the law of the case without a written request to do so. The evidence on this issue was sufficient to require such instruction. This court held in *Lamon* v. *Perry,* 33 *Ga. App.* 248 (4) (125 S. E. 907) : "Since the defense of 'contributory' or comparative negligence was pleaded, although in a somewhat meager way, and was involved under the evidence, the law upon the issue thus raised should have been given in charge to the jury." Further on, in the body of the opinion, the court said : "But under the rule that 'the law of the case must be given to the jury to the extent of covering the substantial issues made by the evidence, whether requested or not, or whether the attention of the court be called thereto or not' (*Central R.* v. *Harris,* 76 *Ga.* 500 (1 *b*), 511), where comparative negligence or diminution of damages becomes an issue by being specifically raised in the pleadings, and under any phase of the evidence, it is reversible error not to charge thereon, even in the absence of a request. Since the term 'contributory' negligence has been construed by the courts as synonymous with what is perhaps more accurately termed 'comparative negligence' or the rule of diminution of damages, where the plaintiff's negligence is not such as to wholly bar a recovery (*Savannah Elec. Co.* v. *Crawford* [130 *Ga.* 421]), and since the plea of the defendant in the instant case expressly sets forth the defense of 'contributory' negligence, although in a somewhat meager way, the law upon the issue thus raised by the plea and involved under the evidence should have been charged." In *Atlanta, Knoxville and Northern Railway Co.* v. *Gardner,* 122 *Ga.* 82 (7) (49 S. E. 818), the Supreme Court said : "Under the pleadings and the evidence in this case, it was erroneous not to charge the principle that if the plaintiff, by the

exercise of ordinary care, could have avoided the consequences of the defendant's negligence, she could not recover, although the court was not requested to so charge by the defendant." There are many decisions to the same effect, which we will not cite, for it seems to be agreed by distinguished counsel for both parties that such is the law. However, counsel for the plaintiff in error contends that the charge as a whole is sufficient to cover this particular principle, and further that the defense of contributory negligence was abandoned by counsel for the defendant in his brief: "We would like, at this time, to mention the fact that the defendant in the trial court did, in her amended answer, set up the defense of contributory negligence with reference to it being the duty of Mrs. Neill 'to converse with the defendant,' but plaintiff in error does not complain of this feature of her defense in her motion for new trial, and it is not referred to in the brief of her counsel, and this court will treat any ground of the motion based thereon as abandoned." We have studied this ground very carefully and are confident that counsel for the defendant urges his contention both in his amended motion and in his brief and argument, and we feel bound to consider it.

This brings us to consider next whether the charge of the court covered the substantial issues as made by the pleadings and the evidence. On this point we set forth below such portions of the charge as touch upon this issue, supported by some evidence at least, as made by the second amendment: "The plaintiff contends that those acts of negligence, or some part of them, as she contends, was the cause of this injury, and that these acts, or that act, as the case may be, was gross negligence and was also the proximate cause of the injury to her. . . I do not mean to reiterate all of those alleged acts in this charge; they have been read to you by the plaintiff's attorney. The plaintiff contends that these acts, or that act, as the case may be, was gross negligence, and that that brought about the injuries to her, and was the proximate cause of the injury. . . She contends that she suffered a great deal of pain on account of these alleged injuries, and that she was in the exercise of ordinary care and diligence, and that she was guilty of no negligence that brought about these injuries to herself. . . And he, too, gentlemen of the jury, must establish by a preponderance of the evidence gross negligence on the part of the defendant in the injuries to his

wife that caused this alleged damage to him. So, if he can recover, he is entitled to those damages that he can prove resulted to his wife . . he is entitled to that, if the defendant was grossly negligent in injuring his wife, and if such negligence was the proximate cause of the injury. If you believe that the defendant was not grossly negligent, or that whatever negligence there was, if it wasn't the cause of the injury, then the plaintiffs, neither one of them, could recover. . . I charge you, gentlemen of the jury, that proximate cause of an injury is that efficient cause which is a natural and continuous sequence, unbroken by any new independent cause, produces that event, without which that event would not have occurred. So that, if you believe, gentlemen of the jury, that the defendant was grossly negligent in causing the injury to the plaintiff, and that negligence was the proximate cause of the injury, then the plaintiff would be entitled to recover, if she has established her case by a preponderance of the evidence. . . So, gentlemen of the jury, if you believe that the defendant was guilty of gross negligence, and that that negligence was the proximate cause of the injury, and that the plaintiff has carried that burden of proof by a preponderance of the evidence, then, in that event, your verdict should be for the plaintiff, Mrs. Julia S. Neill, in such an amount as you think the evidence shows she is entitled to. If you do not believe that the defendant was grossly negligent in bringing about this occurrence, or if you do not believe that whatever negligence she was guilty of, if any, was the proximate cause of the injury, or if you do not believe that the plaintiff has established her case by a preponderance of the evidence—if you do not believe either one of those things, then your verdict would be, and should be for the defendant. . . If you believe, gentlemen of the jury, that if the defendant were guilty of gross negligence, that it was not the proximate cause of the injury, then you should find for the defendant, or, if you should believe, gentlemen of the jury, that the plaintiff, Mr. Neill, has not carried his case by a preponderance of the evidence, then your verdict should be for the defendant." From a consideration of the charge we are sure that the court overlooked the affirmative defense of the defendant as contained in the second amendment to her answer. It nowhere appears in the charge that the court instructed the jury to the effect that if Mrs. Neill, under all the facts and circumstances of the case as shown by the evidence,

could, by the exercise of ordinary care, have avoided the consequences to herself caused by Mrs. Horne's alleged gross negligence, she would not be entitled to recover. This was a jury question, and was a substantial defense properly pleaded by Mrs. Horne, and by the failure to charge the court committed reversible error.

■ In the first amendment the defendant pleaded "assumption of risk." Error is assigned because the court failed to charge the jury substantially as follows: "I charge you, gentlemen of the jury, that if you believe from the evidence that plaintiff knew that defendant had been unable to obtain the necessary amount of sleep the night before the collision, and with full knowledge of this fact began the trip to Augusta with the defendant driving her car, then she would have assumed all risks on account of the sleepiness and drowsiness of the defendant, if any." It will be noticed that the allegations of the amended plea now under consideration are to the effect that the plaintiff and the defendant were members of a party who had spent several days at Tybee Beach, and that one member of the party had kept the others awake the previous night, before the start of the return trip at approximately 4:30 p.m. on the day of the collision. The evidence was practically undisputed as to the truth of these allegations. But it does not appear either from the pleadings or the evidence whether the defendant, Mrs. Horne, obtained any sleep on the day of the trip from Tybee Beach. Even if it were conceded that the doctrine of assumption of risk was applicable to tort-actions in this State, we are of the opinion that this principle would not apply here, under the evidence. We can not hold as a matter of law that because one obtained no sleep the night before, such a one would be incompetent, for that reason, to operate an automobile on the following evening; and for the court to have charged the jury to the effect as here contended would have deprived the plaintiff as a matter of law from submitting to the jury the fact that, although Mrs. Horne had not obtained any sleep the previous night, she obtained it at some other time, or was incompetent to drive without such sleep, or that under all the facts and circumstances of the case the plaintiff had a right to expect her to stop if she became sleepy, or to indicate that she was sleepy. And such would have deprived the plaintiff of showing by evidence other facts that she was entitled to show.

This court held in *Brown* v. *Rome Machine & Foundry Co.*, 5

*Ga. App.* 142, 152 (62 S. E. 720) : "We hope that we have made it clear that assumption of risk is a defense which arises only from the contract that creates the relationship essential to the duty upon the breach of which the plaintiff's cause of action rests. Theoretically speaking, contributory negligence has no different meaning in actions by the servant against the master from that which it universally has in suits based on torts. These foundations of liability and of defense, when reduced to final analysis, are but phases of well-recognized common-law principles. If we bear in mind that assumption of risk finds its origin in the law of contract, and is governed by the usual canons of construction applicable in the field of contract law, and that contributory negligence finds its origin in the law of torts, and is governed by its cardinal canons, and that both defenses may arise from the same set of circumstances, though they do not necessarily do so, we ought to be able to deal with them without confusion." Therefore we are confirmed in our opinion that under the facts of this case the court committed no error in failing to give in charge to the jury the law of assumption of risk as the defendant contends. In *Samples* v. *City of Atlanta,* 95 *Ga.* 110, 112 (22 S. E. 135), the Supreme Court said: "However, we are not inclined to be hypercritical, and will take it for granted that our distinguished brother of the trial bench never really intended that the language he employed should be accredited with its usual and literal significance. We think it the more probable that he meant by this charge to state the well-known rule of law that one who voluntarily attempts a rash, imprudent, and dangerous undertaking is to be presumed to have assumed the risk incidental thereto, and cannot afterwards complain if he is injured. Giving to the charge this construction, its vice lies in its assumption that if the plaintiff knew of the danger of driving over the bridge, attempting to do so was, per se, negligence on his part amounting to a want of ordinary diligence. We do not understand this to be a correct exposition of the law applicable to the facts of this case." It will be observed that the court in the *Samples* case held the rule to be: "One who voluntarily attempts a rash, imprudent, and dangerous undertaking is to be presumed to have assumed the risk incidental thereto, and cannot afterwards complain if he is injured." The evidence in the instant case established no such "rash, imprudent and dangerous undertaking." It is true that

the condition of Mrs. Horne from lack of sleep and knowledge thereof by Mrs. Neill were proper to be considered by the jury under the evidence, together with whether or not Mrs. Neill exercised proper diligence for her own safety. The court committed no error for any reason assigned in this ground of the amended motion.

■ It is contended in ground 5 that the court did not state the contentions of the defendant with the same degree of fullness and clearness that was accorded the plaintiff's contentions. If there is any virtue in this contention it lies in the fact that the court did not call to the attention of the jury the affirmative plea of contributory negligence, as dealt with in the first division of this opinion. But for the reversible error as dealt with in that part of this opinion, this ground would be without merit. Since we are reversing the case for the reasons set forth, we deem it of no benefit to discuss this ground further.

■ Ground 4 and the exceptions pendente lite claim reversible error because of an alleged improper remark of opposing counsel. Very likely this incident will not occur again. We do not reverse the case on this ground. While the remark was improper, the statement of the court, we think, cured it of harm.

Since the judgment is reversed, we will not discuss the general grounds.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*