31464.   HODGES *v.* ATLANTA GAS LIGHT COMPANY.

DECIDED APRIL 7, 1947.

*Miller & Head,* for plaintiff in error.

*Moise, Post & Gardner,* contra.

BROYLES, C. J. (After stating the foregoing facts.)˙ It is well settled that questions of diligence and negligence are ordinarily questions peculiarly within the province of the jury to determine. *Meriwether County* v. *Gilbert,* 42 *Ga. App.* 500 (156 S. E. 472); *Powers* v. *Atlanta Gas Light Co.,* 48 *Ga. App.* 47 (172 S. E. 84); *Chisholm* v. *Atlanta Gas Light Co.,* 57 *Ga.* 28. Under the allegations of the amended petition, it being specifically alleged that the defendant had actual knowledge of the defective condition of the plaintiff's gas furnace, we think that it was for a jury to determine from the evidence whether it did have such knowledge, and whether the plaintiff's injuries were caused by the negligence of the defendant. In *Cornetl* v. *Ga. Public Utilities Co.,* 63 *Ga. App.* 305 (11 S. E. 2d, 68), cited in behalf of the defendant, where this court held that the petition failed to set out a cause of action, the gas

appliance in question there *was not installed by the defendant,* though it furnished gas to it.

The other cases cited by the defendant are distinguished by their particular facts from this case.

In our opinion, the petition as amended, though possibly subject to special demurrer, set out a cause of action, and its dismissal on general demurrer was error.

*Judgment reversed.    MacIntyre and Gardner, JJ., concur.*