The amended petition set out a cause of action; and its dismissal on general demurrer was error.
 DECIDED APRIL 7, 1947.
Mrs. Charles Hodges sued the Atlanta Gas Light Company to recover damages for the infliction of personal injuries. The original petition alleged: that she had employed the defendant toinstall and connect a gas furnace in her home; that the gas furnace was not supplied by the defendant but was one which she already had uninstalled in her house; that the defendant, in February, 1942, did connect the furnace, including the thermocouple, thermostat, and other necessary gas appurtenances and connections; that thereafter the defendant, from time to time, was called in by the plaintiff to do work and make adjustments on the furnace and its parts; that in the latter part of the winter and spring of 1943, the defendant on several occasions sent repairmen to the plaintiff's home at her request for adjustments and regulation of the furnace and its controls, the plaintiff having informed the defendant that the furnace was not working properly; that at no time since the furnace was in her house has anyone except the defendant done *Page 106 
any work of any sort on it, nor have any adjustments thereof been made by the plaintiff or by any one except the defendant's agents The plaintiff in paragraph 7 of her petition alleged as follows: "Because of the foregoing facts and circumstances, plaintiff had no technical knowledge of the nature or condition of the furnace, but defendant had knowledge of and familiarity with it, its construction, conditions and characteristics, and having undertaken to adjust, repair and maintain, and furthermore to furnish a flow of gas for said furnace, defendant knew or ought to have known of the dangerous condition of said furnace, so as to prevent the danger from explosion such as shall be hereinafter fully described." The petition further alleged: that the last work done by the defendant on the furnace was in April, 1943, and that in the autumn of that year the furnace began to heat irregularly and would cut itself off before the house reached a temperature of 70 degrees, the temperature for which the controls were set; that on October 5, 1943, the plaintiff, finding the house uncomfortably cool and that the temperature in the room was considerably below 70 degrees, went down into the basement for the purpose of pushing the lever or valve of the manual control, so as to turn the furnace on and thereby raise the temperature of the house to the normal temperature of 70 degrees; that when the plaintiff touched the manual controls, the furnace exploded, making a thunderous and deafening noise, and a blinding flash of flame came out of the furnace enveloping her and severely burning her; that immediately after the explosion, defendant was notified by an agent of the plaintiff and forthwith sent two of its repair trucks to the scene to make further adjustment on the furnace; that the repairmen visited her home several times during the next few days, continuing to examine and work upon the furnace and ultimately discovered what they declared to be a defective valve; that said defective part was replaced or adjusted, and since that time plaintiff has had no further trouble with the furnace and it has functioned in a completely satisfactory manner, without further necessity for manual control or operation; that the failure of the defendant to make the proper adjustments in the furnace and its controls, until after serious injuries had been inflicted upon the plaintiff, was negligence on the part of the defendant and was the direct, proximate, efficient and procuring cause of the plaintiff's injuries. The petition then set forth in detail the said injuries *Page 107 
and alleged that they were proximately and exclusively caused by the explosion that resulted from the defendant's negligence in not making proper repairs and adjustments of the gas furnace, a dangerous instrumentality, which the defendant owed to the plaintiff the duty of maintaining in a safe condition; and that the plaintiff has demanded of the defendant that it compensate her for the infliction of said injuries, and that the defendant has refused to do so.
The defendant demurred generally and specially to the petition, and the court sustained the general demurrer on the ground that the allegations of the petition failed to show that the defendant had actual knowledge of the defective and dangerous condition of the gas furnace. However, the court allowed the plaintiff 15 days within which to amend her petition, and that if she failed to do so the petition "will stand dismissed." Within the time allowed, the plaintiff amended her petition by adding to paragraph 7 thereof the following words: "Defendant had actual knowledge of the defective condition of said furnace and its controls." The amendment was allowed and filed, subject to demurrer.
The defendant renewed its demurrers, both general and special to the amended petition, and the court, without passing on the special demurrers, sustained the general demurrer and dismissed the petition; and that judgment is assigned as error.
It is well settled that questions of diligence and negligence are ordinarily questions peculiarly within the province of the jury to determine. Meriwether County v. Gilbert, 42 Ga. App. 500
(156 S.E. 472); Powers v. Atlanta Gas Light Co., 48 Ga. App. 47
(172 S.E. 84); Chisholm v. Atlanta Gas Light Co.,57 Ga. 28. Under the allegations of the amended petition, it being specifically alleged that the defendant had actual knowledge of the defective condition of the plaintiff's gas furnace, we think that it was for a jury to determine from the evidence whether it did have such knowledge, and whether the plaintiff's injuries were caused by the negligence of the defendant. In Cornett v. Ga. Public Utilities Co., 63 Ga. App. 305
(11 S.E.2d 68), cited in behalf of the defendant, where this court held that the petition failed to set out a cause of action, the gas *Page 108 
appliance in question there was not installed by the defendant,
though it furnished gas to it.
The other cases cited by the defendant are distinguished by their particular facts from this case.
In our opinion, the petition as amended, though possibly subject to special demurrer, set out a cause of action, and its dismissal on general demurrer was error.
Judgment reversed. MacIntyre and Gardner, JJ., concur.