## 36255. CENTRAL OF GEORGIA RAILWAY COMPANY v. ROBERTS.

DECIDED NOVEMBER 5, 1956—REHEARING DENIED NOVEMBER 20, 1956.

606

608

*Farkas, Landau & Davis, Leonard Farkas,* for plaintiff in error.
*H. G. Rawls, H. P. Burt, Burt & Burt,* contra.

CARLISLE, J. ■ Under the rules for properly pleading the agency relationship between a corporation and its employees, which have been so cogently stated by MacIntyre, P. J., in *Conney* v. *Atlantic Greyhound Corp.,* 81 *Ga. App.* 324 (58 S. E. 2d 559), the petition was, upon this point, sufficient as against demurrer, either general or special. There are in the petition simple direct statements of fact in the nature of express general averments that the negligent acts of the employees of the defendant here in question were committed in the prosecution of the defendant's business and within the scope of their authority. These allegations must, as against demurrer, be taken to be true. Code § 81-304. There is nothing in *Wright* v. *Ga. R. & Bkg. Co.,* 34 *Ga.* 330 (3) contrary to the present ruling. The statements made by the brakeman in that case were shown *upon the trial of the case* not to come within the scope of his authority.

It is axiomatic that questions as to diligence and negligence including contributory negligence and proximate cause are peculiarly for the determination of a jury and the court will not solve them on demurrer, except in plain and indisputable cases. *International Cotton Mills* v. *Carroll,* 22 *Ga. App.* 26 (95 S. E. 472); *Hodges* v. *Atlanta Gas Light Co.,* 75 *Ga. App.* 105 (42 S. E. 2d 244).

It is equally axiomatic that a pleading is to be construed most strongly against the pleader; and that if an inference unfavorable to the right of a party claiming a right under such a pleading may

be fairly drawn from the facts stated therein, such inference will prevail in determining the rights of the parties (*McEntire* v. *Pangle,* 197 *Ga.* 414, 29 S. E. 2d 503); but where the allegations of a petition, viewed as a whole, are not inconsistent with the pleader's right of recovery and contrary inferences cannot fairly be drawn, the allegations of the petition must be taken as true on demurrer.

Under a proper construction of the petition, the plaintiff does not allege that he was endeavoring to board the train or to climb upon it while it was in motion. He alleges that he ran along beside the train for a distance of between 10 and 15 feet within the loading area waving and hollering and knocking upon the coach door in an effort to attract the attention of those in charge of the train so as to gain admittance. While in paragraph 9 of the petition he does use the expressions "at the time he attempted to board the train," and "the train which he endeavored to board," these expressions are descriptive of the time in question and the train in question and not inconsistent with his allegations that he was endeavoring to attract the attention of someone inside the train to admit him. We cannot agree, therefore, with the defendant that the petition shows the plaintiff to be attempting to board the moving train, nor do we agree that his action in running along beside the moving train was so obviously dangerous and perilous, as, under the doctrine of assumption of risk, to prevent his recovery.

There is no question of assumption of risk involved in this case. As we all know, the doctrine of assumption of risk really grew out of the master-servant relationship; but, be that as it may, assumption of risk presupposes a knowledge, at some time before the actual injury sustained, of the danger assumed. *Smith* v. *American Oil Co.,* 77 *Ga. App.* 463 (49 S. E. 2d 90); *S. C. Jones Co.* v. *Yawn,* 54 *Ga. App.* 826 (188 S. E. 603). To run along beside a train within the loading area of a railway terminal in order to attract the attention of those in charge of the train is not as a matter of law negligence or so dangerous that it can be said that the plaintiff in doing so assumed the risk of being injured thereby. The danger consisted of the plaintiff's stumbling over the concealed encasement box. In so far as it appears from the petition, the object which caused the plaintiff to fall was the en-

casement box located within the loading area and concealed by grass. He had no knowledge of its presence, but since the box was used by the defendant in its operations, the defendant was chargeable with notice of its presence.

The most common test of the negligence of a defendant is whether the consequences of its acts are reasonably to be foreseen as injurious to others coming within the range of such acts, and what is reasonably to be foreseen is generally a question for the jury.

The defendant in this case had knowledge of the plaintiff's ignorance of the operation of railway trains. Its ticket agent told the plaintiff where he should go in order to board the train, and this instruction was incorrect. It placed the plaintiff two tracks away from the track on which the train he was to board came in and departed. It placed him on the wrong side for boarding the train. The plaintiff was assured that he would be assisted in boarding the train. He was not. The plaintiff was given no notice of the impending departure of the train. Whether the defendant was negligent, with knowledge of all the facts and circumstances of the plaintiff's particular situation, in sending the plaintiff to the wrong place for boarding the train for which he had purchased a ticket, and whether the plaintiff was negligent in running after the train in order to attract the attention of those in charge of the train, are questions of fact peculiarly for the determination of a jury. Furthermore, whether or not the defendant, through its agents created an emergency by their actions, and the quantum of care required of the plaintiff in such an emergency, if emergency there was, are questions of facts for the jury. Under all the attendant circumstances, it was a question for the jury to determine whether or not the defendant was negligent in maintaining the encasement box concealed by the grass within the loading area, and it was unnecessary for the plaintiff to specifically denominate the presence of the box under such circumstances as negligence. We think that even if the plaintiff had tripped over his own feet instead of the encasement box, the jury might, depending upon the evidence adduced upon the trial, find that the defendant was negligent in creating an emergency which was the proximate cause of the plaintiff's injury.

Depending upon the evidence adduced upon the trial, the jury

may very well be authorized to find that had the plaintiff not been sent to the wrong side of the train and had he been warned of its departure, he would not have, in his emergent excitement, run after the train and fallen over the concealed encasement box, which caused his hand to fall upon the track and his fingers to be severed therefrom. See in this connection *Central R. & Bkg. Co. v. Perry,* 58 *Ga.* 461. The defendant with knowledge of the facts and circumstances of the plaintiff's situation, set into motion a chain of events for which it is responsible, as that chain, insofar as appears from the petition, was unbroken by any intervening negligence. The trial court did not err in overruling the general demurrer to the petition.

■ We find no merit in any of the numerous special demurrers, most of which are imperfect as critics or are speaking demurrers.

Pursuant to the act of the General Assembly approved March 8, 1945 (Ga. L. 1945, p. 232) requiring that the whole court consider any case in which one of the judges of a division dissents, this case was considered and decided by the court as a whole.

*Judgment affirmed. Felton, C. J., Townsend, Quillian, and Nichols, JJ., concur. Gardner, P. J., dissents.*

GARDNER, P. J., dissenting. Counsel for the plaintiff argues that the plaintiff was a passenger to whom the defendant owed the duty to exercise extraordinary care and diligence. In support of this theory counsel cites *Central R. & Bkg. Co. v. Perry,* 58 *Ga.* 461, wherein the Supreme Court said: "One who has a railroad ticket and is present to take the train at the ordinary point of departure, is a passenger, though he has not entered the cars. *In duties toward him, directly involving his safety, the company is bound to extraordinary diligence, and in those touching his convenience or accommodation, to ordinary diligence.*" (Italics ours). Counsel argues that the plaintiff had paid for a ticket and was at the ordinary point of departure of the train and that therefore the defendant owed extreme care and diligence to the plaintiff. Counsel submits that the first point to be established is the negligence of the defendant and that upon establishing that fact counsel would submit the contentions as to why the plaintiff could not have avoided the negligence of the defendant, by the exercise of ordinary care. Counsel for the plaintiff cites *Atlanta Terminal Co. v. Alexander,* 38 *Ga. App.* 280 (3) (143 S. E. 905). In that

case the court held that one who obtains a railroad ticket, and presents himself at the usual point of departure of trains is a passenger, and as such: "He is entitled to have the railroad company exercise extraordinary care for his safety, and *to exercise ordinary diligence in matters involving merely his convenience or accommodation.*" (Italics ours). Counsel for the plaintiff cites and relies on *Coursey* v. *Southern Ry. Co.*, 113 *Ga.* 297 (38 S. E. 866), to sustain the position that the question as to whether or not a person is in fact an agent of a defendant is for the jury to determine. It is true that that case, under its facts, so held. However, as far back as 1865 the Supreme Court in *Wright* v. *Ga. R. & Bkg. Co.*, 34 *Ga.* 330 (3), held that corporate bodies, especially railroad companies, have hundreds of employees daily, in various service, with divisions of labor and duty, and that such companies shall not be liable for damages upon the loose or casual sayings of every person who may be in their employment. In *Florida Central &c. R. Co.* v. *Cain,* 100 *Ga.* 472 (28 S. E. 381), cited by counsel for the plaintiff, it is held that if a conductor promises to give a passenger time to get on a train, it is the conductor's duty to see that the passenger gets on the train safely or at least to wait a reasonable time after giving the signal to move the train. In that case there was no question of the scope of the authority of the conductor.

Counsel for the plaintiff cites *Watts* v. *Colonial Stages Co.*, 45 *Ga. App.* 115 (163 S. E. 523). In that case the agent (and no question of agency or scope of authority was before the court in that case) directed a passenger into a restroom which was a man trap and which fact should have been known to the agent, and bus driver. In the instant case the plaintiff was not standing where he had been directed to stand but on the contrary was running along the railroad tracks, by the side of the moving train. There was no apparent connection between the act of the alleged agent of the defendant and the agency. See *Bates* v. *Southern Ry. Co.*, 52 *Ga. App.* 576 (183 S. E. 819). In *Colonial Stores* v. *Sasser*, 79 *Ga. App.* 604 (54 S. E. 2d 719), this court said: "In determining the liability of the master for the negligent or willful acts of a servant, the test of liability is, not whether the act was done during the existence of the employment, but whether it was done within the scope of the actual transaction of the master's business for accomplishing the ends of his employment."

Counsel for the plaintiff cite *Southern Railway Co.* v. *Crabb,* 10 *Ga. App.* 559 (3) (73 S. E. 859), wherein this court said: "The duty of extraordinary diligence for the safety of passengers, which rests upon a carrier in behalf of a passenger who has purchased a ticket and is seeking to enter the train for the purpose of being transported to his destination, and whether extraordinary diligence requires that a passenger be assisted in entering a train, may be dependent upon the circumstances and conditions surrounding the passenger, the location of the tracks, the height of the steps or platform, and other facts of the particular case. If, in the exercise of extraordinary care, it should be necessary for the safety of a particular passenger, in an emergency, that the passenger be assisted in mounting the steps, or otherwise aided, in entering the train, then it would become the duty of the carrier to assist the passenger." The facts in the instant case do not indicate that an emergency existed such as to require the agent of the railway company to anticipate an injury to the plaintiff and hence be liable for the injury sustained by the plaintiff. On the contrary it seems to me that the voluntary act of the plaintiff was a rash, imprudent and dangerous undertaking. See *Horne* v. *Neill,* 70 *Ga. App.* 602, 609 (29 S. E. 2d 275), wherein it is said: "One who voluntarily attempts a rash, imprudent and dangerous undertaking is to be presumed to have assumed the risk incidental thereto, and cannot afterwards complain if he is injured." In *Hendrix* v. *Vale Royal Mfg. Co.,* 134 *Ga.* 712 (1) (68 S. E. 483), the Supreme Court said: "In the absence of anything to the contrary, every adult is presumed to possess such ordinary intelligence, judgment, and discretion as will enable him to appreciate obvious danger." In *Southern Railway Co.* v. *Hogan,* 131 *Ga.* 157 (1) (62 S. E. 64), the Supreme Court said, "One who knowingly and voluntarily takes a risk of injury to his person and property, the danger of which is so obvious that the act of taking such risk, in and of itself, amounts to a failure to exercise ordinary care and diligence for his own safety and that of his property, can not hold another liable for damages from injuries thus occasioned." See *Briscoe* v. *Southern Ry. Co.,* 103 *Ga.* 224 (28 S. E. 638); and *Simmons* v. *Seaboard Air-Line Ry.,* 120 *Ga.* 225 (47 S. E. 570, 1 Ann. Cas. 777). Counsel for both sides have cited and quoted cases involving boarding and/or alighting from

a moving train. We will not analyze these cases because, in the instant case the plaintiff was neither boarding nor alighting from a moving train. He was running after and alongside a moving train preliminary to attempting to board it.

It is my opinion that the alleged negligence of the defendant was not the proximate cause of the injury to the plaintiff. The danger was known to the plaintiff or by the exercise of reasonable care should have been known to him. The plaintiff, in the absence of allegations to the contrary, was assumed to be physically and mentally capable of boarding a train without assistance, even though inexperienced. The plaintiff moved from a perfectly safe place to an unsafe place and was thereby injured. He therefore assumed the risk and failed to exercise ordinary care for his own safety. I think the trial court erred in overruling the demurrers to the petition.