10243.  WEYMAN v. MAYNARD et al.

</div>

JENKINS, J.  1. Ordinarily, questions of negligence are such as lie peculiarly within the province of the jury to determine; but where by the allegations of the petition itself it clearly appears that the plaintiff, by the exercise of ordinary care, could have readily avoided the consequences flowing from the defendant's negligence, the petition is subject to demurrer, since "If the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover." Civil Code (1910), § 4426; *Ball* v. *Walsh*, 137 *Ga.* 350 (73 S. E. 585).

2. It is ordinarily the duty of a landlord to turn over the rented property to the tenant in a condition reasonably safe and suited for the purpose intended, and free of such latent defects as the exercise of ordinary diligence on the part of the landlord might have disclosed; but where, as in this case, under the allegations of the plaintiff's petition, the defect must necessarily have been plainly apparent, and the tenant not only had opportunity equal to that of the landlord of discovering and understanding the defects, but had actual knowledge thereof with full opportunity of notifying the landlord thereof prior to the time of the damage or injury, then before the landlord would be liable in damages to the tenant for resulting injuries it must appear that notice of such defects had first been given him. *Henley* v. *Brockman,*

124 *Ga.* 1059 (5) (53 S. E. 672); *Driver* v. *Maxwell, 56 Ga.* 11 (2); *White* v. *Montgomery, 58 Ga.* 204; *Ocean Steamship Co.* v. *Hamilton,* 112 *Ga.* 901, 903 (38 S. E. 204); *Stack* v. *Harris,* 111 *Ga.* 149, 150 (36 S. E. 615); *Adams* v. *Klasing,* 20 *Ga. App.* 203 (92 S. E. 960); 16 R. C. L. 777, § 271.

3. Applying the foregoing principles of law to the instant case, there could be no valid recovery from the landlord, under the allegations contained in the petition, and his demurrer should have been sustained. Certain other legal principles also appear to be involved, which might likewise bar a recovery, but which it is not thought necessary to formulate.

*Judgment reversed. Wade, C. J., and Luke, J., concur.*

DECIDED JULY 17, 1919.

Action for damages; from Fulton superior court—Judge Pendleton. November 19, 1918.

See *Maynard* v. *Atlanta Gas Light Co.,* ante, p. 5.

The petition alleged, in substance, that the plaintiff's husband, J. W. Maynard, and her brother-in-law, L. W. Whitley, entered into an agreement with the defendant Weyman whereby he was to rent to them jointly, for the use of themselves and their families, the house and lot known as 570 Central Avenue, Atlanta, Ga., and in pursuance of this agreement they took possession of the house on August 27, 1917; that a few hours after they moved into it two employees of the Atlanta Gas Light Company came to the house for the purpose of installing gas-meters, connecting up and testing the gas-fixtures, and turning on the gas for the use of the plaintiff and the other occupants; that she and her sister requested these employees to make a careful examination of all the gas-fixtures and connections in the house; that shortly after the employees of the gas company had finished their work of installing gas-meters, testing and connecting up the gas-fixtures and connections, and left the house, the plaintiff discovered that the bath-room was completely filled with gas, which had escaped and was then escaping through a hole in the ceiling, and that the entire bath-room gas-fixture was lying, entirely disconnected, in the bathtub; that thereupon, with the assistance of a stranger who had come into the house to aid her, she threw open the door and window of the bath-room in order that the gas might escape therefrom, and within a few minutes the stranger connected the gas-fixture with the hole in the wall, thus stopping the leakage of gas; that about thirty minutes later this stranger stood upon a box in the middle of the bath-room, while the plaintiff stood within about 10 feet of him and in the doorway between the bath-

room and the adjoining hall, and he struck a match for the purpose of testing the connection between the gas-pipe or fixture and the hole in the wall, and was extending his hand in the direction of the hole or wall connection, when suddenly and unexpectedly there was an explosion and a flame which spread over the entire bath-room and into the doorway of the hall adjoining the bath-room where the plaintiff was standing, and burned her. It was alleged that the defendant Weyman was negligent (a) in failing to have the house in a tenantable condition, and in a safe and suitable condition for use as a residence by the plaintiff and the other persons residing there; (b) in failing to have all gas-fixtures in the house safely, securely, and properly connected up, so that the gas when turned on would not escape therefrom.

Weyman demurred to the petition, upon the following grounds: 1. It sets forth no cause of action against him. 2. It fails to allege that the plaintiff gave notice to him of the repairs alleged to be necessary; nor does it show that she was not guilty of such negligence as would preclude a recovery. 3. It appears that the alleged defects were patent and known to the plaintiff and un-known to this defendant, and the petition fails to allege that this defendant knew or had notice of such defects. 4. The allegations show that the plaintiff, by the use of ordinary care, could have avoided the injury. The court overruled the demurrer, and Wey-man excepted.

*Robert C. & Philip H. Alston, Blair Foster,* for plaintiff in error.
*Dorsey, Shelton & Dorsey,* contra.