22943.   POWERS *v.* ATLANTA GAS-LIGHT COMPANY.

DECIDED NOVEMBER 27, 1933.   REHEARING DENIED DECEMBER 22, 1933.

*M. L. Kahn, Ben C. Williford,* for plaintiff.

*Alston, Alston, Foster & Moise, Henry J. Miller,* for defendant.

GUERRY, J.   1.   We are of the opinion that the plaintiff sufficiently alleged in his petition that the defendant was responsible for the alleged defective installation of the valves in the meter in question, so as to charge the defendant with liability.   As a matter of fact, one of the allegations is that the defendant was negligent "in putting the valves in said meter in said defective and improper manner."   The petition may fail to allege directly that there was a duty on the part of the defendant to read or inspect the meter, but it does contain a direct and positive allegation as to the manner of its installation and the defects therein, and that such installation of the valves by the defendant caused the escape of the gas and proximately caused his injury.   This allegation was certainly sufficient to withstand a general demurrer on the ground that the petition failed to set out a cause of action, and the sustaining of such demurrer and the dismissal of the petition on this ground was error.

2.   The question as to whether the facts pleaded show contributory negligence on the part of a plaintiff to such an extent as will bar his recovery, and subject his petition to demurrer on that ground, is one that is always troublesome to courts of review as well as to trial courts.   We recognize fully the doctrine "volenti non fit injuria," and that where the petition itself shows facts which would charge the plaintiff with a knowledge of the risk and

danger to himself, he is to be treated as having assumed the risk and can not recover. However, it still is a question as to what facts show such a wilful assumption of the risk, and whether, under certain stated facts, reasonable minds might differ as to such conclusion. If so, then the court should submit the question to the jury for their determination. The learned trial judge in his order seems to conclude that the plaintiff knew gas was escaping, and that therefore he was not in the exercise of ordinary care in lighting a candle and going into a dark room where the meter was. We are unable to agree with the trial judge in his conclusions. The plaintiff alleged that he did not know the meter was defective and dangerous, and there is nothing in the petition to indicate that he knew the gas was escaping from the meter. He did know that a steady flow was not reaching the stove. Other than this, he did not know where the leak was or whether it was in the house at all, or whether the pipes were merely stopped up. He started an examination and went first to the meter, which was in a dark compartment, and, a light being necessary to inspect the condition of the meter, he struck a match, which, when it came into contact with the escaping gas as he opened the door, caused the explosion. Each case is necessarily to be determined from the particular facts pleaded or shown by the evidence. Questions of diligence and negligence are ordinarily questions peculiarly within the province of the jury to determine. *Meriwether County* v. *Gilbert,* 42 *Ga. App.* 500 (156 S. E. 472). See also, in this connection, *Chisholm* v. *Atlanta Gas-Light Co.,* 57 *Ga.* 28, 30, where it was held that it was a question for the jury to determine whether the explosion was caused by the negligence of the defendant, and that it was error to enter a nonsuit.

In Pine Bluff Water and Light Co. *v.* Schneider, 62 Ark. 109 (34 S. W. 547, 33 L. R. A. 366), we find this language: "We should not hold under the facts of this case, so far as they appear, that it was negligence per se for Hammert to use a match in trying to discover the place from which the gas escaped, for that would depend upon whether he had notice that the gas was escaping in large quantities or not. If he had notice that it was present in large quantities, it was gross carelessness for him to apply a lighted match to it. But if the quantity was small, or if there was nothing to cause a man of ordinary prudence, placed in

the same situation, to believe that there was danger of an explosion, it would not be negligent to light the match. Such a question is one for the jury to determine. *Chisholm* v. *Atlanta Gas-Light Co.,* supra; Butcher *v.* Providence Gas Co., 12 R. I. 149 [34 Am. D. 626]; Lanigan *v.* New York Gas Light Co., 71 N. Y. 29." In People's Gas Light & Coke Co. *v.* Amphlett, 93 Ill. App. 194, it was said: "The act of a party occupying a flat, who perceives the odor of escaping gas, and enters an adjoining vacant apartment without permission, lights a match to aid him in ascertaining the source of the escaping gas, and causes an explosion by which he is injured, can not be said, as a matter of law, to constitute per se such contributory negligence as will prevent a recovery for such injuries." In that case the plaintiff was a practical chemist and testified that he was familiar with the explosive properties of gas. In the same opinion it was said: "We are of opinion that the evidence is not such that it should be said to show conduct of appellee which, as a matter of law, constitutes per se contributory negligence. It is true that appellee, an experienced chemist, well aware of the dangerous properties of this gas, went into a room where its presence was detected by him, and held a lighted match toward the apparent source of the escaping gas, and thereby caused the explosion. But there are other facts from which it might be concluded that in so doing there was no lack of ordinary care exercised by reasonable-minded men. A window near the pipes was open. He might have well concluded that it was impossible for gas to collect in dangerous quantities in a room thus open. We can not say that all reasonable minds must agree that this conduct constituted contributory negligence. Hence that issue was one to be submitted to a jury." That case, we think, presents a much stronger case of contributory negligence than the case at bar, for there the odor of gas was actually detected, while in the case at bar the plaintiff alleges that he did not know that gas was escaping at all from the meter which he went to inspect. In Schmeer *v.* Gas Light Co., 147 N. Y. 529 (42 N. E. 202, 30 L. R. A. 653), it was said: "Whether or not it is negligence for a boy eighteen years old to take a lighted candle to search for a leak in gas pipes is a question for the jury, to be considered in the light of all the circumstances of the case." In that case a boy eighteen years old took a lamp and started up stairs to

find a gas leak, but upon being warned that this might be dangerous he assented and said he would take a candle, as he had seen plumbers use a candle to find a leak. When he reached the top floor the candle ignited the escaping gas and caused an explosion which caused his death. In the opinion it was said: "Sometimes it is extremely dangerous to take a light to discover the location of a gas leak, and sometimes it is not, depending upon various circumstances; among others, upon the extent of the leak, the size of the inclosure where located, and the length of time the leak has existed."

In Dowler v. Citizens' Gas & Oil Co., 71 W. Va. 417 (76 S. E. 845, Ann. Cas. 1914C, 341), we find the following language in the opinion: "Another point insisted on in brief of counsel for defendant is that plaintiff's proof shows him to have been guilty of such contributory negligence as to preclude recovery. Plaintiff admits that he could smell gas in the privy; but notwithstanding, he lighted the match which ignited the gas. It is urged that this shows that plaintiff's own negligence in lighting the match caused his injury. But was it not for the jury to say whether or not he was negligent? Can the court say, as matter of law, that it is negligence for one to strike a match in a room where natural gas is present in sufficient quantity to be detected by smelling it? It is a matter of common knowledge that natural gas is so volatile that it may be detected by the smell, even when so diffused with the atmosphere as not to be capable of being ignited. Therefore, just how strong the smell of natural gas would have to be in order to indicate danger by explosion is very uncertain. When plaintiff entered the privy he says he detected the smell of natural gas. But it is often detected out in the open air, and along the streets where there happens to be a leak in the gas main, and yet there is no danger from it. And when plaintiff closed the door he was doubtless unconscious that the volume of gas was constantly increasing in the privy because of the lack of ventilation. It can not be said, as a matter of law, that he was negligent, in view of the facts and circumstances, in attempting to light his cigar. It was, therefore, a question for the jury to determine whether or not, in striking the match, he did what no man of ordinary prudence would have done." Certainly, if it is a question for the jury to determine as to whether a person who actually

detects the odor of escaping gas is guilty of contributory negligence in lighting a match, then there can be no doubt that the same question is for the jury where the allegations of the petition show that the defendant did not know that escaping gas was in the room that he was about to enter, although he might have inferred it from other facts. In Schermerhorn *v.* The Metropolitan Gas Light Co., 5 Daly (N. Y.) 144, it was said: "The remaining question is, whether there was co-operating negligence on the part of the plaintiff. I think it very questionable whether a case of negligence was made out on the part of the gas-fitter. He had been a gas-fitter for seven years, and had served his time to the business. When called in by the plaintiff's husband to ascertain where the gas was leaking, he examined the gas fixtures in the basement, when [where?] he said the smell of gas was not strong enough to do any harm with a light, and that he had no reason to suppose then that it was dangerous to light one; that he was accustomed, when examining to ascertain a leakage of gas, to judge by the smell whether it was safe to light a candle, and ordinarily relied upon his nose when he went where gas was escaping, and did so upon this occasion. Finding, after the examination of the basement, that there was no leak there, he took a lighted candle, it being then about five o'clock in the afternoon, to go into the cellar, where he could not go without a light, to examine the meter, to see if there was any leak there, and the moment he opened the door which led from the basement hall to the cellar, the explosion took place, which caused the injury. . . To hold that the gas-fitter here did not exercise ordinary care and prudence would be equivalent to holding that he was bound to know that it might be dangerous to open the cellar door with a lighted candle in his hand, for this was all that he did, and I doubt, at least, if the circumstances would warrant such a conclusion as a matter of law." See also, in this connection, *Bray* v. *Atlanta Gas-Light Co.,* 46 *Ga. App.* 629 (168 S. E. 96).

We are not unmindful of what was said in the case of *Weyman* v. *Maynard,* 24 *Ga. App.* 94 (100 S. E. 25), where it was held that the plaintiff could not recover, because of the contributory negligence of a stranger who had come in to help arrest the leak, who applied a match to a connection he had made to see if gas was still escaping. The evidence in that case showed that the

plaintiff knew that gas had escaped and had filled the bathroom. The case was decided on the further ground that the defendant was the landlord and it had not been shown that notice of the alleged defective condition of the fixtures had been communicated to the landlord, and this was a condition precedent to his liability for damage caused thereby.

In the present case the plaintiff, a plumber, was called to repair a gas-stove, and in repairing it he found that there was not a steady flow of gas to it, whereupon he went to examine the meter, which was located in a dark compartment, and lighted a candle in order to see and inspect the meter, and when he opened the door the explosion occurred. He alleged that he was where his duty called him to be and that he did not know of the dangerous and defective condition of the meter, which he alleged was leaking gas because of improper construction by the defendant. We are forced to the conclusion, after formerly writing an opinion to the contrary in this case, that we can not say as a matter of law that; under the circumstances surrounding the plaintiff, he was not in the exercise of ordinary care; and this question therefore becomes a question for determination by the jury. A clear statement of the general principle governing this matter is found in 12 R. C. L. 914, § 55. For full citation of authorities, see 29 L. R. A. 337-360; 32 L. R. A. (N. S.) 809-31; Ann. Cas. 1914C, 341. The court, therefore, erred in sustaining the general demurrer and dismissing the petition.

*Judgment reversed. MacIntyre, J., concurs. Broyles, C. J., dissents.*