29223. SHEPPARD *v.* GEORGIA POWER COMPANY *et al.*

DECIDED JANUARY 14, 1942. REHEARING DENIED FEBRUARY 19, 1942.

*N. T. Anderson Jr.*, for plaintiff.
*Sidney Smith, Sidney Smith Jr.*, for defendants.

SUTTON, J. Mrs. Ralph Sheppard sued the Georgia Power Company and Altofor Brothers Company for damages for alleged personal injuries. Her petition as amended alleged substantially as follows: On or about October 1, 1937, the plaintiff's husband bought from the defendant Georgia Power Company a certain described washing-machine made by the defendant Altofor Brothers Company, the said machine being sold by the Georgia Power Company expressly for use by the plaintiff and under her direction as a housewife, and the negotiations for its purchase on such basis were carried on and closed with the representatives of the Georgia Power Company by the plaintiff and under her direction, her hus-

band merely buying at her request, and the said machine was made by the defendant Altofor Brothers Company and put on the market for purchase and use by any member of the public and thus came into the hands and ownership of the defendant Georgia Power Company and came to be sold to the plaintiff's husband for the plaintiff's use as aforesaid. In May of 1939 the plaintiff was using the said washing machine and was in the process of wringing clothes between the rollers thereof. She was standing at the front side of the rollers and had her right hand at the rear of the rollers, holding the clothes as they came out of the rollers and pulling them towards a container into which she was placing them. During the course of said operations a portion of the clothes coming through the rollers as aforesaid got caught between the lower roller of the machine and the framework of the machine where it comes up alongside the lower roller and they were drawn down between the framework and the lower roller, suddenly drawing the plaintiff's thumb and hand down between the roller and the framework of the. machine at its rear. At that time the machinery of the rollers became jammed by and because of the wad of clothes, together with the plaintiff's hand caught by the roller, and by said jamming it was made impossible to operate the switch or release the contrivance upon the machine which was the only means whereby the plaintiff could otherwise have stopped the rollers and the plaintiff's hand could have escaped injury as hereinafter set out. Accordingly, the plaintiff's thumb and hand continued to be drawn in and mangled between the framework of the machine and the rollers, in spite of all that she could do, and she was thereby damaged as hereinafter set out.

The petition then describes the plaintiff's injuries, her mental and physical pain and anguish resulting therefrom, hospital treatment, etc. and alleges that neither of the defendants gave her or her husband at any time any warning or notice of the dangerous elements and defects in the construction of the washing machine, although they gave to the plaintiff printed instructions and information concerning the washing machine, which were supposed to be the information needed and desirable in the use of the washing machine. The plaintiff's injuries were occasioned by the exceedingly dangerous structure of the machine, whereby it was made possible and easy for clothes to be drawn back between the rear of

the framework of the machine and the lower roller as aforesaid, and in that the framework of the machine at the said point consisted of a sheet of steel or steel flange coming up to and along the lower roller with a squared steel edge, peculiarly and particularly adapted to the purpose and effect of mangling the hand of one operating the machine. In holding the clothes as they came out of the rollers and pulling them towards a container into which she was placing them as aforesaid, the plaintiff was doing so with due care and diligence and was keeping her hand and fingers away from the rollers. The plaintiff was able to see plainly her right hand and the clothes as she was holding the clothes and pulling them towards the container. When the clothes were caught between the lower roller and the framework of the machine, the plaintiff's thumb and hand became enmeshed in said clothes so that she could not withdraw her thumb and hand from the clothes, and the clothes and her thumb and hand were drawn down between the roller and the framework of the machine and she was injured as alleged.

The machine was so constructed and designed by the defendant Altofor Brothers Company, and was of such structure when it was sold to the plaintiff's husband, and has been of such structure from the time of its being made, that when it became jammed the switch could not be cut off and the rollers could not be stopped by one working at the machine, especially if such a one or any garment of such a one was caught in the machine as aforesaid. The defects in the structure of the machine, as above set out, were at all times, since the manufacture of the machine, and during all of the time and occasions referred to herein, easily observable and apparent to an expert in such machines, or anyone regularly in the business of manufacturing, distributing, handling or selling such machines, but were not such as to be noted by an ordinary citizen or member of the public who was not particularly familiar with such matters and knew little of washing machines. The machine, because of the defects and dangerous elements in its construction as hereinbefore set out, was not reasonably suited to the purposes for which it was sold as herein set out. The plaintiff knew almost nothing of washing machines in general, and knew nothing of washing machines except the instructions and mode of operation of the said washing machine as taught her when her husband purchased it, and knew little of the mechanism of said particular washing machine. It

was the first that she had ever used or closely observed, and she had had no occasion to take particular note of other washing machines, and had, at the time of the injury to her herein referred to, used said washing machine herself in person extremely little, and not enough to notice its peculiar characteristics herein complained of, and she did not know that clothes or one's hand could be drawn down between the framework and the said lower roller as aforesaid, or that the machine could become jammed so that the rollers could not be stopped as aforesaid. On the other hand, the defendant Georgia Power Company was at the time of said sale regularly in the business of handling, dealing in, selling, and distributing washing machines of various types, and the defendant Altofor Brothers Company was at the time of making said machine and putting it on the market as aforesaid regularly in the business of making such machines and putting them on the market, and they and the agents and employees of the said Georgia Power Company, who handled the sale and delivery of said washing machine as aforesaid, were expert and well informed in the matter of washing machines and their operation and comparative safety, and the defendants knew and had notice of the peculiarly dangerous character of the said particular washing machine, and knew and had notice that the said washing machine constituted a mantrap as shown in the petition, all of which was true. The plaintiff was free from fault and blame relative to her said injuries, and has exercised the utmost diligence in diminishing the damage done her as above set out.

The petition alleged that the defendant Altofor Brothers Company was negligent in constructing the said machine in the dangerous fashion in which it was constructed as hereinbefore set out and in putting it on the market as aforesaid, and that the defendant Georgia Power Company was negligent in selling the machine to the plaintiff's husband for her use as a washing machine as hereinbefore set out, it being unduly dangerous and a mantrap, and in delivering it for the use of the plaintiff as aforesaid. It alleged that both defendants were negligent in not making note of the machine's defects, and in not giving warning of the said dangerous elements and defects in the construction of the machine and of the peculiar and particular danger to which one was subjected in using the machine as shown in the petition.

General and special demurrers to the petition were filed by both defendants. The court sustained the general demurrer and dismissed the petition, and the exception here is to that judgment.

1. "It is an elementary rule of construction, as applied to a pleading, that it is to be construed most strongly against the pleader; and that if an inference unfavorable to the right of a party claiming a right under such a pleading may be fairly drawn from the facts stated therein, such inference, on demurrer, will prevail in determining the rights of the parties." *Moore* v. *Seaboard Air-Line Ry. Co.*, 30 *Ga. App.* 466 (118 S. E. 471). See also *Krueger* v. *MacDougald*, 148 *Ga.* 429 (96 S. E. 867). "If the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover." Code, § 105-603. Ordinarily, the question of negligence is one for the jury, but where the allegations of the petition clearly disclose that the plaintiff by the exercise of ordinary care could have avoided the consequences of the defendant's negligence, the petition is subject to general demurrer. *Ball* v. *Walsh*, 137 *Ga.* 350 (1-*b*) (73 S. E. 585). The plaintiff alleged that she was free from all fault and blame with reference to her injuries. But "It is an established rule of pleading that conclusions in conflict with the pleaded facts are to be disregarded (*Flynt* v. *Southern Railway Co.*, 7 *Ga. App.* 313, 316, 66 S. E. 957), and general allegations that a person could not have avoided the consequences of another's negligence by the exercise of ordinary care after it was or should have been discovered must yield, on demurrer, to the particular facts shown where inferences from the facts are necessarily to be drawn contradictory of the conclusions. *Wood* v. *Pynetree Paper Co.*, 29 *Ga. App.* 81 (114 S. E. 83 (4))." *Moore* v. *Seaboard Air-Line Ry. Co.*, supra.

The plaintiff's petition shows that, at the time of the alleged injury, she was engaged in the process of wringing clothes by running them between the rollers of the wringer on the washing machine; that she was standing at the front side of the rollers, feeding the clothes into the rollers, and had her right hand at the rear of the rollers, holding the clothes as they came out and pulling them towards a container into which she was placing them. During the course of said operation, a portion of the clothes coming through the rollers got caught between the lower roller and the frame of the machine where it comes alongside of the lower roller and they were

drawn down between the said framework and said lower roller, and the plaintiff's thumb and hand became enmeshed in said clothes so that she could not withdraw them from the clothes, and her thumb and hand with the clothes and by the clothes were drawn down between said roller and framework of the washing machine and she was injured as alleged. The plaintiff alleges that she was in plain view of the machine and could plainly see what she was doing. It further appears that she bought the washing machine in October, 1937, and that it had been in use in her home some eighteen months before the alleged injury, which occurred in May, 1939. No injury had been caused nor had any trouble been experienced in the use of the washing machine up to the time of the injury complained of, so far as the petition disclosed. The inference to be drawn from the allegations of the petition, in construing it against the general demurrer, is that the plaintiff's alleged injuries were caused by her failure to exercise ordinary care while engaged in the operation of running clothes through the wringer on the washing machine.

2. Applying the above-stated principles of law to the allegations of the petition, the court did not err in sustaining the defendants' general demurrer and in dismissing the plaintiff's action.

*Judgment affirmed. Felton, J., concurs. Stephens, P. J., disqualified.*