31828. ATLANTA GAS LIGHT COMPANY *v.* JOHNSON.

DECIDED JANUARY 28, 1948.

*J. B. Copeland,* for plaintiff in error.

*West L. Cranford, James H. Barfield,* contra.

PARKER, J. N. D. Johnson sued the Atlanta Gas Light Company for damages. He alleged in substance: that the defendant

was a public-utility corporation engaged in the business of furnishing gas, and in selling, installing, and servicing various gas appliances to numerous cities in Georgia, including Valdosta; that during the year 1940 the defendant installed in the plaintiff's home, for the use of gas to be furnished by the defendant to the plaintiff, a gas meter, stove and hot-water heater, all of which were supplied by the defendant; that the defendant furnished gas to the plaintiff and repaired and serviced his appliances through the years and in a successful manner until 1946, when trouble with the hot-water heater developed, in that the pilot light thereon would not stay lit; that upon request of the plaintiff the defendant furnished several repairmen who came to the home of the plaintiff and repaired the meter and hot-water heater in October, and again in November, 1946, but without successfully correcting the trouble; that the plaintiff requested the defendant in December, 1946, to have the men return and complete the job; that the plaintiff discussed the condition of the meter and hot-water heater with the repairmen, who were the agents of the defendant company, and who had actual knowledge of the defective condition of the meter and hot-water heater, and who promised to complete the repairs but failed to do so.

It was further alleged: that, on January 3, 1947, when the plaintiff was desirous of obtaining some hot water and found the pilot light not working, he struck a match for the purpose of lighting the same, and because of the defective condition of said appliances, causing gas to escape through the unlighted pilot and accumulate in and around the hot-water heater, said gas was ignited and exploded in a violent manner, inflicting upon the plaintiff burns and injuries, for which he sued; that the plaintiff was inexperienced in the handling of gas appliances, and did not know that there was any danger in attempting to light the pilot, and that the agents of the defendant who knew of the defective condition had failed to warn the plaintiff that there was danger in attempting to light the same; that the plaintiff was in the exercise of ordinary care and diligence, in that he had been informed by the repairmen that the trouble was in the gas meter located outside of the house, and was not in the hot-water heater, and because the kitchen in which the heater was located

was a fairly large room with windows and a door open permitting fresh air to circulate therein at the time, and he had been unable to detect the odor of escaping gas, although he "sniffed" several times before attempting to light the pilot; and that he had lighted the pilot several times before without the slightest sign of an explosion.

It was also alleged that the proximate cause of the explosion, with the resulting injuries to the plaintiff's hand and arm, was the negligence of the agents of the defendant in failing to repair the defective condition of the meter and hot-water heater, after having actual knowledge of such condition and having attempted such repairs, and after being notified that their repair job was unsuccessful, and being requested to return and complete the same; and in failing to warn the plaintiff of the dangerous condition of the appliances and the dangers involved in attempting to light the pilot on said heater.

The defendant made an oral motion to dismiss the petition, in the nature of a general demurrer, on the ground that it was apparent from the allegations of the petition as a whole that the alleged negligence of the defendant was not the proximate cause of the alleged injuries to the plaintiff; and because it appeared that whatever injury the plaintiff sustained was the result of his own negligence; and because the petition showed that the plaintiff could have avoided the consequences of the alleged negligence of the defendant by the exercise of ordinary care, he having knowledge of the alleged defective condition of the pilot light, and while no emergency existed, voluntarily doing an act obviously dangerous and likely to produce the result which ensued.

The court overruled the motion to dismiss, and the defendant excepted to that ruling.

The defendant invokes the rule that, "where the allegations of the petition clearly disclose that the plaintiff by the exercise of ordinary care could have avoided the consequences of the defendant's negligence, the petition is subject to general demurrer." See *Sheppard* v. *Georgia Power Co.*, 66 *Ga. App.* 620, 624 (18 S. E. 2d, 686), and cases cited therein. The defendant also relies on the rule that a pleading is to be construed most strongly against the pleader, and "if an inference unfavorable to the right

of a party claiming a right under such a pleading may be fairly drawn from the facts stated therein, such inference, on demurrer, will prevail in determining the rights of the parties." See same citations. "If the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover." Code, § 105-603. In connection with the rules of law and practice relied upon by the defendant, we must consider also the rule that ordinarily all questions of negligence are for the jury, and it is only in plain and indisputable cases that the court as a matter of law will undertake to determine them. See the numerous cases cited under the Code (Ann.), § 105-603, catchword "Jury." The controlling questions presented by this record are whether the petition shows on its face that the plaintiff failed to exercise ordinary care for his own safety in undertaking to light the pilot on the defective hot-water heater, and whether the alleged negligence of the defendant was the proximate cause of the alleged injury to the plaintiff.

"A company which produces and furnishes gas is bound to use such skill and diligence in its operations as is proportionate to the delicacy, difficulty and nature of that particular business," and "upon the trial of an action for damages resulting from an explosion of gas, the question as to whether such diligence was used should be left to the jury; and where the facts in evidence would justify the inference of negligence, to order a nonsuit was error." *Chisholm* v. *Atlanta Gas Light Co.*, 57 *Ga.* 29. "The question of whether or not the plaintiff was lacking in ordinary care in using a candle to go into the dark compartment that contained the gas meter is for the jury, and this court will not, on demurrer, decide that question as a matter of law." *Powers* v. *Atlanta Gas Light Co.*, 48 *Ga. App.* 47 (172 S. E. 84). In the case last cited the plaintiff was a plumber and was engaged to repair a gas stove in a residence. In undertaking to do so he discovered that there was not a steady flow of gas into the stove. The meter through which the gas flowed was located in a dark compartment under the stairs in the hall of the house, and it was necessary for him to go into this compartment. In doing so he lit a candle in order that he might see and inspect the condition of the meter and gas pipes. When he lit the candle, the gas that had escaped and was escaping about the meter was ignited and

exploded, causing the injuries to the plaintiff. We think that the facts of that case are such as to make the ruling there applicable to the instant case. While it appears in the case cited that the plaintiff did not know that the meter was defective and dangerous, or that the gas was escaping from the meter, he did know that there might be a leak somewhere and that a steady flow of gas was not reaching the stove. The plaintiff in the *Powers* case, being a plumber by trade, was reasonably chargeable with a greater degree of care, based on a greater degree of knowledge, than would be expected of a person without experience and having no particular knowledge respecting defects in gas meters and appliances. In the case at bar, the plaintiff alleged that he was inexperienced in the handling of gas appliances, and that he did not know that there was any danger in attempting to light the pilot; and that the agents of the defendant company, who knew of the defective condition of the appliances, had failed to warn him that there was danger in attempting to light the pilot; and, furthermore, that the agents of the defendant had informed the plaintiff that the trouble was in the meter which was located outside the house, and was not in the hot-water heater. It appears also that the plaintiff exercised diligence in trying to determine whether or not gas was escaping before undertaking to light the pilot, and that he failed to detect any gas odor. In *Newill* v. *Atlanta Gas Light Co.*, 48 *Ga. App.* 226 (172 S. E. 232), it appears that a plumber was called by a housewife, the plaintiff, who knew from a slight odor that gas was escaping in her home, and such plumber, presumably with the same knowledge and in the presence of the plaintiff, struck a match in order to find the leak, thus causing a violent explosion from which the plaintiff was injured. This court held in that case that the questions of proximate cause and contributory negligence were for the jury, and that the court erred in sustaining the general demurrer to the petition. See also *Hodges* v. *Atlanta Gas Light Co.*, 75 *Ga. App.* 105 (42 S. E. 2d, 244).

A careful consideration of the petition brings us to the conclusion that it was sufficient as against the motion to dismiss, and that the court properly overruled the motion. We think that this conclusion is sustained by the cases cited, in which a number of decisions from other jurisdictions are mentioned. It seems

to us that this case comes under the general rule that, whether or not the plaintiff was guilty of such contributory negligence as to bar a recovery, or failed to exercise ordinary care in under-, taking to light the pilot on the defective heater, are questions solely decidable by the jury.

*Judgment affirmed. Felton and Gardner, JJ., concur. Gardner, J., was designated to preside in place of Sutton, C. J., disqualified.*