32737. ATLANTA GAS LIGHT COMPANY *v.* DAVIS.

Decided November 5, 1949.

378

*Copeland & Dukes,* for plaintiff in error.

*Franklin, Eberhardt & Barham,* contra.

GARDNER, J. There is but one question for decision by this court, and that is conceded to be whether the plaintiff's petition sets forth a cause of action in the plaintiff's favor to recover

damages from the defendant gas company for the death of the plaintiff's mother. The plaintiff alleged that her mother was fatally burned on June 15, 1949, when she attempted to light the pilot light of a gas hot water heater installed by the defendant and serviced by it, and for which the defendant furnished the gas burned therein, and that she, by reason of such burns, died on the following day. The court below overruled the general demurrer interposed by the defendant to this petition.

The defendant gas company contends that the court erred in overruling its demurrer in that, construing this petition most strongly against the plaintiff (*Evans* v. *Dickey*, 50 *Ga. App.* 127, 177 S. E. 87), it plainly appears from the allegations of this petition that the plaintiff's mother failed to exercise the proper caution and care for her own safety required of her under the circumstances, and that the burns received by her and her resultant death resulted from such failure on her part rather than from any alleged negligence on the part of the defendant gas company. The foregoing is a correct rule for the construction of a pleading on demurrer, where the pleading is ambiguous in its allegations. It is also true that a petition shall receive a construction by the court in accordance "with the natural intendment of the words and language used." *Bell* v. *State Life Ins. Co. of Indianapolis*, 24 *Ga. App.* 497 (5) (101 S. E. 541). The test of sufficiency of a petition, as against a general demurrer urged thereto, is whether the defendant can admit all that is alleged and escape liability. *Citizens & Sou. Bank* v. *Union Warehouse &c. Co.*, 157 *Ga.* 434, 454 (122 S. E. 327). In *Atlanta Gas Light Co.* v. *Johnson*, 76 *Ga. App.* 413 (46 S. E. 2d, 191), this court said: "'A company which produces and furnishes gas is bound to use such skill and diligence in its operations as is proportionate to the delicacy, difficulty, and nature of that particular business. *Chisholm* v. *Atlanta Gas Light Co.*, 57 *Ga.* 29.' "

The controlling questions here, as in the *Johnson* case, supra, are whether the petition shows on its face that the plaintiff's mother failed to exercise ordinary care for her own safety in seeking to light the pilot light on the gas hot water heater in the basement of her home, and whether the alleged negligence of the defendant was the proximate cause of the injury to the

plaintiff's mother. In connection with the rules of law and practice relied upon by the defendant (*Moore* v. *Seaboard Air-Line Railway Company*, 30 *Ga. App.* 466, 118 S. E. 471; *Krueger* v. *MacDougald*, 148 *Ga.* 429, 96 S. E. 867; *Sheppard* v. *Georgia Power Co.*, 66 *Ga. App.* 620, 18 S. E. 2d, 686; *Thomas* v. *Georgia Granite Co.*, 140 *Ga.* 459 (79 S. E. 130), we must consider also the general rule that ordinarily all questions of negligence are for the jury, and it is only in plain and indisputable cases that the court as a matter of law will undertake to determine them.

Whether or not the plaintiff's mother was lacking in ordinary care, in seeking to light the pilot light to this heater, after turning the control lever to "off" and opening the windows and doors, not for three minutes as required by the defendant's instructions on a sign placed on the door of the heater, but for fifteen minutes, is for the jury, and this court will not, on demurrer, decide that question as a matter of law. See *Powers* v. *Atlanta Gas-Light Co.*, 48 *Ga. App.* 47 (172 S. E. 84); *Atlanta Gas Light Co.* v. *Johnson*, supra. The present case is strikingly similar on its facts to the *Johnson* case, in which case this court held the petition good against a general demurrer, and under that decision and the authorities relied on by this court therein, the plaintiff makes a case entitling her to go to the jury, unless it affirmatively appears that her mother was, as a matter of law, lacking in ordinary care in striking a match to apply to the pilot light.

After a careful examination of the *Johnson* case and the facts therein, and of the facts appearing in the present case, we have failed to find any material difference between the facts in the two cases. It is true that the defendant claims that there is a difference and that this difference is material and shows that the plaintiff's mother was not in the exercise of due care for her own safety when she struck the match and the explosion took place. The defendant company contends that "from the allegations of the petition, Mrs. Davis discovered the presence of escaped gas and opened the doors and windows throughout the house," and she "was aware of the presence of escaped gas in large quantities," and "was aware of the defective condition of the hot water heater." The plaintiff alleged that the "deceased while in the exercise of due care and caution for her own safety, dis-

covered that the pilot light on said gas water heater was not working and turned the control lever to the 'off' position, opened the basement window, went up the steps to the main floor leaving the basement door open and opened most, if not all, of the windows located on the first and second floors of said house; that she waited a period of at least 15 minutes and then re-entered the basement and struck a match and attempted to light the pilot light. However, due to the defective condition of said gas hot water heater, so much gas had escaped and had accumulated in the basement and under the house that a violent explosion occurred, as a result of which the said house was severely damaged and Mrs. Katherine Russell Davis was fatally burned." One of the grounds of negligence alleged by the plaintiff was that after changing the type of gas used, the defendant "failed to alter or even remove a sign containing instructions of caution which sign was attached to the door of said gas hot water heater and instructed the user as to what action to take in the event the pilot light should become extinguished, said sign instructing the user to place the gas control lever in the 'off' position and to wait at least three minutes before attempting to light the pilot light." It appears from the petition that although the plaintiff's mother more than complied with these instructions as to what to do when the pilot light went out, that she not only turned the lever to "off" but waited 15 minutes instead of three minutes, and opened most, if not all, windows and doors. In these circumstances, this court, under the ruling in *Atlanta Gas Light Co.* v. *Johnson,* supra, and the decisions therein dealt with and relied upon, does not concur in the contention of the defendant company, as expressed in its brief in this court, that "from the facts alleged in the petition, it clearly appears that the death of the plaintiff's mother was the result of her own carelessness and that by the exercise of ordinary care she could have avoided the consequences of any negligence of which the defendant may have been guilty."

We have examined the case of *Weyman* v. *Maynard,* 24 *Ga. App.* 94 (100 S. E. 25), cited and relied on by the defendant gas company, and others and do not find anything therein to the contrary of what is held in the *Johnson* case, supra, and to alter our views and conclusions reached there. That case was based

upon its facts, and likewise this case and the *Johnson* case are. predicated upon the facts alleged, and upon these facts we are of the opinion that the petition makes a jury case as to whether the defendant was negligent and whether that negligence caused the death of the plaintiff's mother. We do not think that, under the facts alleged, the plaintiff's mother was, as a matter of law, negligent and failed to use due care for her own safety.

It follows that the trial judge did not err in overruling the defendant's general demurrer.

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*