33832. J. C. LEWIS MOTOR COMPANY INC. *v.*
WILLIAMS.

DECIDED MARCH 7, 1952.

*Lewis, Wylly & Javetz,* for plaintiff in error.

*Bouhan, Lawrence, Williams & Levy,* contra.

CARLISLE, J. "One who supplies directly or through a third person a chattel for another to use, is subject to liability to those whom the supplier should expect to use the chattel with the consent of the other or [expect] to be in the vicinity of its probable use, for bodily harm caused by the use of the chattel in the manner for which and by a person for whose use it is supplied, if the supplier (a) knows, or from the facts known to him should realize, that the chattel is or is likely to be dangerous for the

use for which it is supplied; (b) and has no reason to believe that those for whose use the chattel is supplied will realize its dangerous condition; and (c) fails to exercise reasonable care to inform them of its dangerous condition or of the facts which make it likely to be so." Restatement of the Law of Torts, Vol. II, 1039, § 388. Applying this rule, which is recognized as the law in this State (see *Moody* v. *Martin Motor Co.*, 76 *Ga. App.* 456 46 S. E. 2d, 197), to the allegations of the petition, it is clear that the petition states a cause of action against the defendant. The defendant vendor supplied the tractor and transplanter directly to the plaintiff's husband to be used as a unit, but failed to deliver the U-shaped exhaust pipe which was necessary to deflect the exhaust fumes from the faces of persons riding on the transplanter. The U-shaped exhaust pipe was needed only when the tractor was used in conjunction with the transplanter. The transplanter was provided with places, or seats, for two persons to ride while engaged in the job of transplanting tobacco or other crops. The person who occupied the seat on the right-hand side of the transplanter was directly behind the regular exhaust pipe of the tractor, and, as he worked, he leaned forward, bringing his face within two or three feet of the regular exhaust pipe and approximately on a level with it. The U-shaped exhaust pipe, which should have been provided by the defendant, was supposed to be attached to the regular exhaust pipe of the tractor, when used in conjunction with the transplanter, so as to carry off the exhaust fumes to one side and out of the range of the persons working on the transplanter. The defendant necessarily knew that at least two persons would be in the vicinity of the tractor's regular exhaust pipe when used in conjunction with the transplanter, as two seats were provided on the transplanter for the use of such persons. The defendant owed persons occupying those two seats a duty to protect them from the deadly exhaust fumes of the tractor. It could have fulfilled that duty by supplying the U-shaped exhaust pipe to be fitted over the regular exhaust pipe. The plaintiff came within the class to whom that duty was owed by the defendant, as she at the time she sustained her alleged injuries was occupying the right-hand seat of the transplanter directly behind the regular exhaust pipe of the tractor. According to the allegations of the petition, the defendant,

through its agents and employees, knew or should have known that the exhaust fumes emitted by the tractor were highly dangerous to the health of a person riding on the transplanter when the U-shaped exhaust pipe was not in place; and, after the plaintiff's husband had announced his intention to the agent and employee of the defendant to use the tractor and transplanter in combination, without the U-shaped exhaust pipe, the defendant should have known that he did not realize the danger of so doing, nor would a person undertaking to ride on the transplanter in the absence of the U-shaped exhaust pipe; and according to the petition, the defendant was negligent in failing to warn the husband of the danger upon using the machinery in combination with the U-shaped exhaust pipe. Whether or not the defendant was in fact negligent in the regards charged is a question for the jury. See, in this connection, *King Hardware Co.* v. *Ennis,* 39 *Ga. App.* 355 (147 S. E. 119); *Atlanta Gas Light Co.* v. *Davis,* 80 *Ga. App.* 377 (56 S. E. 2d, 140).

It should be noted that the tractor here was not being used as a separate, independent unit of machinery for which it was normally fit, or in a manner in which such tractor was normally capable of safe use without the U-shaped exhaust pipe being attached, or any other particular precaution being necessary in that regard.

Whether or not the plaintiff was contributorily negligent in riding on the transplanter without the U-shaped exhaust pipe being in place, or whether or not the plaintiff's husband was negligent in using the machinery without the U-shaped exhaust pipe, and whether or not the negligence of either or both the plaintiff and her husband was the proximate cause in fact of the plaintiff's injuries, are questions for the jury. The plaintiff, however, alleged that both she and her husband were ignorant of the fact that exhaust fumes from the tractor contained the lethal carbon monoxide gas and that it was dangerous to work on the transplanter, drawn by the tractor, without the U-shaped exhaust pipe in place; and as against demurrer these allegations must be taken as true.

The defendant relies particularly on the case of Ford Motor Co. *v.* Wagoner, 183 Tenn. 392 (192 S. W. 2d, 840, 164 A. L. R. 364). That case, as well as the other cases cited by the defend-

544

ant in its briefs, is distinguishable by the particular facts involved.

The court did not err in overruling the general demurrer to the petition, and the assignments of error on the overruling of the special demurrers were expressly abandoned by counsel for the defendant.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*