### 35648. CHRYSLER CORPORATION *v.* ROGERS *et al.*

DECIDED JUNE 1, 1955.

*Hurt, Gaines & Baird,* for plaintiff in error.
*Ben Weinberg, Jr., T. Charles Allen,* contra.

CARLISLE, J. ▮ No legal or contractual relationship is alleged to exist, or to have existed, between Chrysler Corporation and Lander Motors, Incorporated. No contractual relationship is alleged to exist, or to have existed, between Chrysler Corporation and the plaintiff. All that appears from the allegations of the petition is that Lander Motors, Incorporated, sold the plaintiff a new automobile which had been manufactured by Chrysler Corporation. Under a proper construction of the petition on demurrer—that is, most strongly against the pleader—we must assume that Lander Motors, Incorporated, took no part in the manufacture of the automobile, and Chrysler Corporation took no part in the sale of the automobile, and that whatever duty Chrysler Corporation owed to the plaintiff as purchaser of the automobile, it was not a contractual duty. We think, however, that, though it is not so alleged—as it should have been in compliance with the rules of good pleading—we may assume that Lander Motors, Incorporated, the seller, purchased the automobile from Chrysler Corporation, the manufacturers, for the purpose of resale. Under these circumstances, Chrysler Corporation owed the plaintiff purchaser only the duty to exercise ordinary care to manufacture the automobile carefully. Without giving a history of the origins of the rule establishing such a duty on the manufacturers of automobiles—a good account of that is to be found in MacPherson *v.* Buick Motor Co., 217 N.

Y. 382 (111 N. E. 1050)—we think that we may safely say without fear of contradiction that in most jurisdictions it is now generally recognized that "the manufacturer of an automobile, the nature of which gives warning of probable danger if its construction is defective, who sells it to a dealer for the purpose of resale, is liable to a purchaser of the car from the dealer for its failure to exercise ordinary care in inspecting the wheels, brakes, or other parts of the machine, resulting in injury to such a customer." Blashfield, *Cyclopedia of Automobile Law and Practice* (Perm. ed.), Vol. 7, 371, § 4812, and cases there cited under note 11. See also, in this connection, *J. C. Lewis Motor Co.* v. *Williams,* 85 *Ga. App.* 538 (69 S. E. 2d 816); *Moody* v. *Martin Motor Co.,* 76 *Ga. App.* 456 (46 S. E. 2d 197). By necessary implication this rule means that the defect must be one of construction which the manufacturer by exercising ordinary care could discover by proper inspection before the automobile leaves his hands.

The sole defect alleged to have existed in the automobile *at the time the plaintiff purchased it* from Lander Motors, Incorporated, is that air was mixed in the brake fluid which forms a part of the hydraulic braking system on the automobile. There is no direct, positive allegation of how or when the air became mixed with the brake fluid. While it is alleged that the fluid was placed in the braking system by *"the defendants,"* and we are compelled to take this allegation as true as against demurrer, it is not alleged that the air became mixed with the fluid before it was placed in the braking system, and that the defendants should have discovered this in the exercise of ordinary care; it is not alleged that the air became mixed with the fluid at the time "the defendants" placed the fluid in the braking system, and the defendants should have discovered this in the exercise of ordinary care; it is not alleged that the air got into the fluid and brake system through any defect, such as a leak in the system, and the defendant should have discovered this in the exercise of ordinary care; nor is it alleged that the defendants placed an insufficient quantity of the fluid in the system, leaving air space in the system which resulted in the mixing of the air and the fluid, and that the defendants should have discovered this in the exercise of ordinary care. In the absence of any such alle-

gations, it does not affirmatively appear, as it must, that the alleged defect existed in the automobile prior to the time it left the hands of the manufacturer, Chrysler Corporation; for, without an affirmative allegation that the air, which constituted the defect, was in the braking system prior to the time it left the hands of the manufacturer, all that appears from the petition is that the air got into the system at some time prior to the plaintiff's purchase of the automobile from Lander Motors, Incorporated. It is, therefore, as equally consistent to say that the air got into the system between the time it left the hands of Chrysler Corporation and the time of the sale to the plaintiff as that it got into the system before it left the hands of Chrysler Corporation; and, construing the petition most strongly against the pleader, we must hold that it got into the system after it left Chrysler Corporation. We need hardly say, therefore, that under this construction of the petition, if the air got into the system after it left Chrysler Corporation and was not there prior to that time, no amount of inspection by Chrysler would have revealed it and a failure to inspect would have resulted in no breach of the duty owed to the plaintiff.

While it is true that it is alleged that the defect could have been discovered by inspection at any time between the time of manufacture and the time of sale, this allegation is but an empty conclusion, in the absence of allegations of fact showing that the air was in the system prior to the time it left the hands of Chrysler Corporation. "As was held in *Jones v. Ezell*, 134 *Ga.* 553 (5) (68 S. E. 303): 'General and loose allegations, consisting merely of the statement of conclusions, without averring the facts upon which the conclusions are based, are too indefinite to raise an issue.' And, as was said in the opinion in that case, they are not sufficient even against a general demurrer. See also *Harper v. Lindsey*, 162 *Ga.* 44, 47 (132 S. E. 639); *Weimer v. Savannah Union Station Co.*, 18 *Ga. App.* 570, 572 (90 S. E. 84)." *Horton v. Sanchez*, 57 *Ga. App.* 612, 617 (195 S. E. 873). Eliminating from consideration that general allegation of a conclusion, we must hold that the petition failed entirely to show any breach of duty on the part of Chrysler Corporation, and consequently, the trial court erred in overruling the general demurrer to the petition. .

What has been said in division 1 above makes it unnecessary to consider the special demurrers at this time.

*Judgment reversed.  Gardner, P. J., and Townsend, J., concur.*