## A99A1018. FLUIDMASTER, INC. v. SEVERINSEN.
(520 SE2d 253)

Judge Harold R. Banke.

After a toilet in Severinsen's home overflowed as a result of water seeping out of the tank, he brought this action against Fluidmaster, Inc., the manufacturer of the toilet-tank's flush valve. The complaint alleged negligent manufacture, negligent design, strict liability, and negligent failure to warn. All claims except the one alleging negligent failure to warn were, however, dismissed as they are barred by the ten-year statute of repose. OCGA § 51-1-11 (c); see *Chrysler Corp. v. Batten*, 264 Ga. 723 (450 SE2d 208) (1994). We granted Fluidmaster's application for interlocutory appeal from the denial of its motion for summary judgment on the failure-to-warn claim.

Severinsen's home was built in 1987, the toilet overflowed in 1996, and this action was instituted in 1998. The toilet-tank valve was tested by Severinsen's expert Salling and then by Fluidmaster's expert Wogomon. Their findings, opinions, and conclusions are set forth in their reports to Severinsen's insurer, Allstate Insurance Company, and in their affidavits.

When the toilet tank filled with water during testing by both experts, the water flowed out of the valve's outlet as it was designed to do. But water also flowed out of the top of the valve, which in Salling's opinion evidenced a malfunction. The malfunction did not, however, cause the toilet to overflow during testing by either expert,

as the float closed the valve and stopped the flow of water from both the outlet and top when the water reached the full level.

Wogomon reported that the valve's rubber seal showed numerous white deposits and that water ceased flowing out of the top of the valve when the seal was replaced. For these reasons, he concluded that the overflow from the top of the valve could have been caused either by deterioration of the seal as a result of aging or by foreign debris becoming trapped in it and preventing it from closing. He also opined that an outflow of water from the top of the valve could not, in any event, cause the toilet to overflow, because building codes uniformly require that a toilet be equipped with an overflow tube. But according to Salling, the overflow tube can also malfunction. In Salling's opinion, the overflow of Severinsen's toilet was most likely caused by a combination of these two malfunctions. *Held*:

Severinsen seeks to hold Fluidmaster liable under a negligent-failure-to-warn theory based on the claim that it had a duty to warn him that the seal of the valve would deteriorate over time when exposed to normal toilet-tank conditions.

Under Georgia law, one who supplies a chattel for use by another is subject to liability "for physical harm" if the supplier (a) knows or should realize that the chattel is or is likely to be "dangerous for the use for which it is supplied," (b) has no reason to believe that the user of the chattel will realize its "dangerous condition," and (c) fails to exercise reasonable care to inform them of its "dangerous condition" or of the facts which make it likely to be so. *J. C. Lewis Motor Co. v. Williams*, 85 Ga. App. 538, 541-542 (69 SE2d 816) (1952) (citing § 388 of the Restatement of Torts); *Greenway v. Peabody Intl. Corp.*, 163 Ga. App. 698, 702 (2) (294 SE2d 541) (1982) (citing § 388 of the Restatement of Torts, Second). So formulated, the duty-to-warn doctrine does not require a product manufacturer to warn of a product-connected danger which is obvious or generally known. *Ream Tool Co. v. Newton*, 209 Ga. App. 226, 228-229 (4) (433 SE2d 67) (1993).

Even if the risk of product failure as a result of normal wear and tear could be characterized as a "dangerous condition," it is obvious that the internal component parts of a device such as a toilet tank wear out over time. Therefore, Fluidmaster had no duty to warn Severinsen of any danger thereby posed. Moreover, under the Restatement, a product supplier is liable only for "physical harm" resulting from its failure to warn of a product-connected danger, and Severinsen is seeking property damages. Fluidmaster was thus entitled to summary judgment. Remaining issues are moot.

*Judgment reversed. Blackburn, P. J., concurs. Barnes, J., concurs in judgment only.*

DECIDED JUNE 29, 1999.

*Hawkins & Parnell, Charles R. Beans*, for appellant.
*Webb, Carlock, Copeland, Semler & Stair, Edward A. Miller, Jerome B. McNally*, for appellee.